HARRIET STEELE

*v.*

THERESE LAFRAMBOIS' Administrator.

DOWER—*how assigned when two are entitled in same premises.* Where A acquired title to land subject to the dower right of the complainant, and after A's death dower was assigned to his widow in the same, and the court subsequently assigned the same land to the elder dowress that had been assigned to A's widow: *Held,* that this was a fatal error; and that the subsequent assignment of dower should have been such that a proportionate part only would have been taken from the dower first assigned, and the residue from the owners of the other parts of the premises.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. JOHN W. WAUGHOP, for the appellant.

Mr. C. D. ROYS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

The point for adjudication in this case arises upon exceptions taken by appellant to the return of commissioners appointed by the court below, in a suit by Therese LaFrambois, as widow of Joseph LaFrambois, deceased, against appellant and others, for the assignment of petitioner's dower in lot number 2, block 44, old town of Chicago, in which said Joseph LaFrambois, during the marriage, was seized of an estate of inheritance, but who sold and conveyed the same, by deed, to Ashbell Steele, the husband of appellant, Therese not relinquishing her dower therein. Ashbell Steele died in 1861, seized of such defeasible estate as he acquired by said conveyance, leaving appellant as his widow. Joseph LaFrambois died in 1866, leaving Therese his widow. But, before the institution of this suit by the latter, appellant had brought suit in the circuit court of Cook county, where the premises are situated, to recover her dower therein, in which there was allotted to her the east sixty feet of said lot 2, and she entered into possession. Afterwards, this present suit was commenced by the widow La Frambois, by bill in chancery, for the assignment of her dower in the same lot. The commissioners in the latter suit set off to her, for dower in said lot 2, the whole of the same 60 feet thereof which had previously been allotted to appellant as the widow of Steele. Appellant excepted to the commissioners' return, but the court overruled the exception and approved of their action. By the conveyance Steele became seized of the whole premises, subject to the dower right of Therese, if she survived

her husband. *Dunham* v. *Osborn*, 1 Paige, 633; *Durando* v. *Durando*, 23 N. Y. Rep. 331; Park on Dower, 156.

"If before the assignment of dower to the ancestor's widow, the grantee should die, and his own widow be endowed, then the subsequent assignment of dower to the elder dowress would operate to interrupt the enjoyment of the other widow in a proportionate part, during the lifetime of the former, but no longer." 1 Scrib. on Dower, 319, and cases cited in note 3.

The court committed an error in assigning to Therese the whole of the portion which had been previously assigned to appellant. A proportionate part only should have been taken from appellant's estate, and the residue from the owners of the other parts of the premises. This being a vital error, it follows that the assessment of damages was wrong, and the decree of the court must be reversed, and the cause remanded, with directions to re-assign the dower of appellee's intestate, upon the basis herein indicated.*

*Decree reversed.*

---

*Therese LaFrambois died while this appeal was pending and her administrator substituted as a party.