## MARTIN v. MARTIN.

1. **Divorce**: CONTRACT FOR ALIMONY: VALIDITY OF: CODE, § 2203. The power of husband and wife to contract with reference to the amount which shall be awarded the wife as alimony, on the dissolution of the marriage relation by divorce, has been recognized by this court in the case of *Blake v. Blake*, 7 Iowa, 46, and subsequent cases; and such power is not taken away by § 2203 of the Code. But courts will, in every case, scrutinize the transaction very closely, and the contract will not be enforced, unless it appears to have been entered into fairly, and to be reasonably just and fair to the wife.

*Appeal from Fremont Circuit Court.*

SATURDAY, DECEMBER 6.

ACTION FOR DIVORCE. The judgment of the circuit court was for plaintiff, granting her a divorce and the custody of her minor child; also granting her an allowance as alimony. Plaintiff appeals from the portion of the judgment awarding her alimony.

*Holmes & French*, for appellant.

*J. W. Dalby*, for appellee.

REED, J.—Defendant alleged, in one division of his answer that before the commencement of the suit he and plaintiff, by mutual consent and agreement, separated, and that they then entered into a written contract by which plaintiff agreed, in consideration of the conveyance by him to her of certain real estate, and the delivery to her of certain personal property, and the payment to her of certain money, that in her action of divorce she would make no claim for alimony, either temporary or permanent, and that she would release him from all liability for the support of their minor child; and he alleges that he has fully performed all of his undertakings in said contract. This matter is pleaded in bar of plaintiff's right to recover alimony, or any allowance for the

support of said minor child. Plaintiff demurred to this division of the answer, on the ground that the alleged contract was illegal and void. The circuit court overruled the demurrer, and this ruling is assigned as error. That a contract of this character between husband and wife, during the continuance of the mariage relation, would at common law be void, cannot be doubted. But it was held in *Blake v. Blake*, 7 Iowa, 46, that the capacity of the parties to contract with each other was so enlarged by the statutes of this state, as that a contract of this character, if it was supported by a just and adequate consideration, and was untainted by fraud, or circumvention, or improper influence, would be enforced; and this holding was adhered to in the subsequent cases. Since these holdings, however, the legislature enacted section 2203 of the Code. This section provides that, " when property is owned by either the husband or wife, the other has no interest therein which can be the subject of contract between them, *    *    *    *    *" and it is contended by plaintiff that under this section contracts like the one in question, between husband and wife, are prohibited. If the contract is valid, its effect, when enforced by the judgment of the court, is to deprive plaintiff of all interest in the property of defendant, except such as was conveyed or delivered to her in pursuance of it.

The question whether the contract is prohibited by the statute depends on whether the wife's right to an allowance out of the estate of the husband as alimony, on the dissolution of the marriage relation for the fault of the husband, creates in her a right or interest in his property. If, by virtue of her right to alimony, she has a right or property interest in his estate, it is clear that she cannot divest herself of that right or interest by contract with him. But we are of the opinion that her right to alimony does not create in her an interest in his property. Alimony is an allowance out of the estate of the husband for the maintenance of the wife after the dissolution of the marriage relation. During the exist-

ence of that relation he is under legal obligation to afford her support, and, upon its dissolution by divorce, this obligation is not determined.    The judgment for alimony does not create a new obligation or duty in that respect.    It but determines the extent of the existing obligation, and regulates the manner of its performance.    The wife's right to a support during the existence of the marriage relation does not create in her a property right or interest in his estate.    It is in the nature rather of a demand against him, enforceable as ordinary money demands are enforced.    We think, therefore, that the power of the parties to contract with reference to the amount which shall be awarded the wife as alimony, on the dissolution of the marriage relation by divorce, is not taken away by the section of the statute in question.    The courts, however, will in every case scrutinize the transaction very closely, and the contract will not be enforced unless it appears to have been fairly entered into, and to be reasonably just and fair to the wife.

By the judgment of the circuit court the title to all the property conveyed to plaintiff in pursuance of the contract is confirmed in her; and, in addition to this, defendant is required to pay a stated allowance for the support of the minor child. He is also required to pay the costs of the proceeding, including an attorney fee for plaintiff's attorney.    We find no evidence of any fraud or circumvention in the execution of the contract.    Plaintiff voluntarily entered into the contract, and, by the judgment, she obtains all she contracted for, and more; and we think she has no grounds of complaint.

AFFIRMED.