MARY STAHL

*v.*

CATHARINE STAHL *et al.*

*Filed at Mt. Vernon June 13, 1885.*

1. HOMESTEAD—*effect of a divorce at the suit of the wife, as to her homestead right.* Where a wife procures a divorce from her husband, the court is authorized to make disposition as to the homestead; but if the court fails to do this, the relation of husband and wife being severed by the decree of divorce, the latter loses all claim to a homestead, so that the husband may sell the premises without her release of homestead right. It is different in respect to the wife's dower, which is not lost by a divorce for the husband's fault.

2. The surviving wife of a deceased householder, who is made to succeed to his estate of homestead, is the one who is his wife at the time of his death. A divorced wife will take no rights in the homestead.

3. DOWER—*in the case of two widows, as, of father and son—and as to the relative rights of a wife who had obtained a divorce, and the wife in actual wedlock at the time of the husband's death.* Where a son takes land by descent from his father, subject to the dower of his mother in the same, and her dower is afterward assigned to her, such assignment will relate back to the time of the death of the father, so as to prevent the seizin of the son as of a present estate in the third of the premises assigned to the widow of the father; and the legal effect is to deprive the widow of the son, who dies in the lifetime of his mother, of dower even in the reversion of the third of the estate assigned.

4. But the rule is different where the father *conveys* to the son. In such case the son becomes seized of a present estate in the whole of the premises, subject only to the contingent dower right of his mother in one-third thereof, if she survives the grantor, so that upon the death of such grantee during the life of the widow of the grantor, the wife of such grantee is entitled to dower in the whole premises, subject only to the incumbrance of the prior right of dower in one-third of that estate during the actual continuance of that right.

5. So, applying these rules to the present case, where a husband, seized of the fee in land subject to the contingent right of dower in a former wife, who had procured a divorce for his fault, marries again, and dies leaving both the divorced wife and the second wife living, the former will take dower in one-third of the whole, unincumbered, and the latter will be entitled to dower in the whole premises, subject to the incumbrance of the first wife's prior right of dower during the continuance of that right.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. William C. Kueffner, for the appellant:

Section 2, chapter 52, of the Revised Statutes, provides that "such (homestead) exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving." The surviving wife takes the homestead. "A wife is a woman who has a husband." 2 Bouvier's Law Dic. 661.

When Christian Stahl, after the divorce, married Mary Meyers, (now Mary Stahl,) the latter became his wife, and remained so till his death. He could not, under our laws, have two wives at the same time. The divorce destroyed the marriage relation between him and Catharine Stahl, and they became strangers to each other as if they had never been married, except with regard to alimony and dower. The first wife thereafter had no rights in his property, except such as the decree for alimony gave her, and her dower rights expressly saved to her by the statute as the innocent party. Rev. Stat. chap. 41, sec. 14.

The law makes no similar saving as to the homestead. It provides: "In case of divorce, the court granting the divorce may dispose of the homestead according to the equities of the case." Rev. Stat. chap. 52, sec. 6.

The widow Mary Stahl was entitled to receive for dower one-third of all the land, and not only one-third of two-thirds. Rev. Stat. chap. 41, sec. 1.

If the land of the husband be subject to an incumbrance paramount to dower, the burthen is to be apportioned between the widow and the owner of the inheritance according to the relative value of their respective estates. 2 Scribner on Dower, (2d ed.) 696.

A widow is entitled to dower in lands of which her husband died seized, notwithstanding dower had been previously

assigned in the same lands to the widow of the husband's father. On the death of the widow of the father, the widow of the son becomes further entitled to one-third of the portion originally assigned to the former. *Beer* v. *Snyder,* 11 Wend. 592.

This question has, in effect, been passed upon by this court in the case of *Steele* v. *LaFrambois' Admr.* 68 Ill. 457, where there was a junior and a senior dower right in the same land.

Mr. W. N. HORNER, for the appellees, after citing and commenting on sections 1 to 5, inclusive, of chapter 52, and section 16, of chapter 68, contended, from the evidence, that Catharine Stahl was clearly vested with the right of homestead. She has done no act to forfeit or lose it.

It is against the policy as well as the terms of the Homestead law, to permit the husband to deprive the wife of her right to claim the homestead,—except by removal with his family from the place. *Allen* v. *Hawley,* 66 Ill. 164. *Vide* section 16, chapter 68, of the Revised Statutes, *supra,* which is a recent enactment modifying the latter part of the above decision.

A husband can not effect an alienation of his family homestead by *laches,* and thus, by an indirect method, accomplish what he can not do directly. The right is conferred by statute, and can only be divested in the mode provided by statute. *Hubbell* v. *Canady,* 58 Ill. 425; *Booker* v. *Anderson,* 35 id. 66; *Haskins* v. *Litchfield,* 31 id. 137; *Pardee* v. *Lindley,* id. 174; *Mix* v. *King,* 66 id. 145.

Withdrawal from, by ill-treatment, does not deprive her of the right. Thompson on Homestead, secs. 73-78.

A husband can not deprive her of this right. *Conroy* v. *Sullivan,* 44 Ill. 451.

If a decree of divorce is silent as to homestead, the husband can not maintain ejectment against the divorced wife in possession. *Sellon* v. *Reed,* 5 Biss. 125.

Divorce by one for the misconduct of the other will not bar dower in the one who is blameless.    Rev. Stat. chap. 41, sec. 14.

Where two or more widows are to be endowed out of the same messuage, as to the manner of setting out the same see 4 Kent's Com. (11th ed.) 67, *64; Coke on Littleton, 31; *In the matter of Creiger,* 1 Barb. Ch. 599; *Elwood* v. *Klock,* 13 Barb. 50; Washburn on Real Prop. (2d ed.) chap. 7, pp. 210, 211; *Leavitt* v. *Lamprey,* 13 Pick. 382.

The interposition of a mere possibility, so that it be of a freehold nature, between the right of dower and the inheritance, will prevent a title of dower from attaching.    1 Scribner on Dower, (2d ed.) 246.

Dower is not allowed where there is an intervening contingent freehold remainder.    1 Scribner on Dower, (2d ed.) 235-246.

The inchoate right of dower is an incumbrance.    It is a right of property.    2 Scribner on Dower, 3-8.

The wife's right to dower is an interest in lands contingent during the life of the husband, and attaches on the lands as soon as there is a concurrence of marriage and seizin. *Denton* v. *Nanny,* 8 Barb. 618.

Dower, before assignment, is "an interest in lands." *Finch* v. *Finch,* 10 Ohio St. 501; *Lathrop* v. *Foster,* 51 Me. 367.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Catharine Stahl was, on December 31, 1863, married to Christian Stahl, and lived with him as his wife on a certain eighty-acre tract of land, of which said Christian was seized in fee, until in the year 1882, when, in the month of February, she obtained a divorce from him for extreme and repeated cruelty, and a decree for alimony of fifteen dollars per month, which, by reason of his death, has abated. (*Lennahan* v. *O'Keefe,* 107 Ill. 620.)    Philip Stahl, a minor, now about

·seventeen years of age, was the sole issue of the marriage, who has, ever since the divorce, been in the sole custody of the said Catharine. The decree of divorce made no provision -with respect to the custody of the child. After the divorce ·Christian Stahl continued to reside on said premises. On November 11, 1882, he was married to Mary Meyers, and lived with her as his wife, on the premises, until his death, ·on July 26, 1884, and ever since his death she has occupied the premises as his widow. There was no issue of this second ·marriage. Catharine Stahl, the first wife, and Philip Stahl, son of the first marriage, suing by Catharine Stahl, his next friend, filed their bill in chancery, claiming, on the part of said Catharine, dower and homestead in said real estate, alleging that Mary Stahl, the second wife, was entitled to dower in the land that should remain after the said Catharine's dower and homestead had been set off, and praying that the respect-ive dower and homestead rights might be set off accordingly. Mary Stahl, the second wife, answered, denying that Catha-rine Stahl was entitled to homestead in the real estate, and filed her cross-bill, setting up the facts of the case, alleging that she was entitled to dower and to an estate of homestead in the premises, and praying that her dower and homestead might be set off to her. The circuit court decreed that Cath-arine Stahl was entitled · to a homestead estate in said real ·estate of the value of $1000, and to a dower estate in what remained of said premises after said homestead estate had ·been set off, and that after said homestead and dower estates had been set off to said Catharine Stahl, then the said Mary Stahl was entitled to dower in the land then remaining. Mary Stahl took this appeal.

The circuit court erred in its decree as to homestead. Sec-tion 5, chapter 52, of the Revised Statutes of 1874, provides: "In case of a divorce, the court granting the divorce may dis-pose of the homestead estate according to the equities of the ·case." Here, the court granting the divorce made no order

with respect to the homestead. The disposition of it, therefore, must be as directed by the statute. After the divorce, the homestead estate remained and continued in Christian Stahl, the householder and owner in fee of the premises. Upon the granting of the divorce, Catharine Stahl's relation of wife to Christian Stahl was severed,—she then became entirely disconnected with the homestead estate, and had no right pertaining to any property of Christian Stahl by virtue of having been his wife, except dower saved by the statute, the divorce having been for the misconduct of the husband, and the alimony which was allowed. The Homestead Exemption act provides that no release or conveyance of the homestead estate shall be valid unless the same be in writing, subscribed by the householder and his or her wife or husband, if having one. Now, if, after the divorce and before his second marriage, Christian Stahl had been minded to release or convey the homestead, he could have done so by his own deed alone, as he would have had then no wife to join with him in the deed. Upon death, the statute declares, "such exemption (homestead) shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead," etc. The wife surviving here was Mary Stahl, the second wife, and not Catharine Stahl, the divorced wife. The latter had once been the wife of Christian Stahl, but she was not his wife at the time of his death. Our law does not admit the idea of a man having two wives at the same time. The surviving wife of a decedent is the one who was his wife at the time of his death. Mary Stahl was such one here, occupying the premises at that time with Christian Stahl, and she is the person for whose benefit the statute says the homestead estate shall continue so long as she continues to occupy the homestead.

We are of opinion, too, the decree was erroneous in respect to the extent of the dower right of the second wife. There is

a case of dower where the rule which the court adopted would
be the correct one,—as, where a son takes land by descent
from his father, subject to the dower of his mother in the
same, and her dower is afterwards assigned to her, such
assignment relates back to the death of the father so as to
prevent the seizin of the son as of a present estate in the
third of the premises assigned to the widow of the father; and
the legal effect is to deprive the widow of the son, who dies
in the lifetime of his mother, of dower even in the reversion
of the third of the estate assigned to the mother for dower.
But the case is different where the father conveys to the son.
In such case the son becomes seized of a present estate in the
whole of the premises, subject only to the contingent dower
right of his mother in one-third thereof if she survives the
grantor,—so that upon the death of such grantee during the
life of the widow of the grantor, the wife of such grantee is
entitled to an estate in dower in the whole premises, subject
only to the incumbrance of the prior right of dower in one-
third of that estate during the actual continuance of that right.
(*Dunham* v. *Osborn*, 1 Paige, 634; *In the matter of Cregier*,
1 Barb. Ch. 598; *Bear* v. *Snyder*, 11 Wend. 592.) The rule
is laid down to the same effect in 4 Kent's Commentaries,
marg. page 64, as follows: "If A be seized, and has a wife,
and sells to B, who has a wife, and the husbands then die
leaving their wives surviving, the wife of B will be dowable
of one-third of two-thirds in the first instance, and of the one-
third of the remaining one-third on the death of the widow of
A, who, having the elder title in dower, is to be first satisfied
of her dower out of the whole farm." And see 1 Washburn
on Real. Prop. marg. page 210; *Steele* v. *La Frambois' Admr.*
68 Ill. 456.

This, we consider, is the rule which should apply here.
Christian Stahl was seized of a present estate in the whole
premises, subject only to the contingent right of dower of his
first wife in one-third thereof; and the second wife is entitled

to dower in the whole premises, subject to the incumbrance of the first wife's prior right of dower during the continuance of that right.

The decree will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*