## WAGNER *v.* WAGNER.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE.

Where a wife obtains a decree for separate maintenance from her husband, the monthly allowance should cease with his death, and then she should be left to her interests in his estate according to law.

2. SAME—APPEAL—SOLICITOR'S FEE.

On an appeal by a wife from a decree for separate maintenance, she cannot complain because the amount decreed to be paid by the defendant to her former solicitor is excessive.

Appeal from Wayne; Rohnert, J.   Submitted January 15, 1903.   (Docket No. 50.)   Decided March 5, 1903.

Bill by Susanna Wagner against John Wagner for a separation from bed and board and for maintenance. From the decree rendered, complainant appeals.   Modified.

Complainant filed a bill against the defendant, her husband, for a decree from bed and board, under section 8622, 3 Comp. Laws, and for separate maintenance, under section 8654.   She obtained a decree in accordance with the prayer of her bill, but has appealed from that part of the decree fixing the amount allowed her for separate maintenance, and directing her to release to the defendant all interest in the lands which stand in her name, and in which she has any interest of her own.   It was conceded upon the hearing that the decree should be modified as to the property standing in her name.

The decree allows her $600 a year, to be paid in monthly installments, of $50 each, so long as she cares for and maintains the youngest child of said defendant and complainant, and until said child attains the age of 14 years. After that time she is to receive $480 a year, payable in installments of $40 per month.   The defendant is ordered to deposit with one Johnson, as trustee, securities amounting to $10,000, to stand as security for the payments decreed to her.   In lieu of this fund, the defendant was decreed the option to furnish a fidelity bond of some responsible fidelity company, to be approved by the court, in the penal sum of $10,000, conditioned on the faithful performance of the acts of the defendant decreed to be by him performed; said bond to be deposited with the court. The complainant was further given a life lease of the premises then occupied by complainant and defendant as a homestead, retaining to the defendant the privilege of occupying free of charge the second story of the house situated on the lot.   The provisions made for her support were

to be in lieu of dower, and any interest she had or might have in his real and personal property. The court found that the defendant's real and personal property was worth $62,145, and that his debts were $8,997.40; leaving him worth, over and above his debts, the sum of $53,147.60.

*James H. Pound,* for complainant.

*Brennan, Donnelly & Van De Mark,* for defendant.

GRANT, J. (*after stating the facts*). Whether, on a decree of separation and separate maintenance, the chancery court has the power to determine that allowance for support during the wife's life shall be in lieu of all her other interests in her husband's property, while living and after his death, we need not determine. We do not think it just or equitable that the allowance for support in such a case should cut off all interest in his property by virtue of her marital rights, which are not severed, but only suspended. According to the absolute terms of this decree, she would have no interest in his estate in the event of his death at any time, except that a fund should be set aside to secure to her the monthly allowance decreed. We think the decree for separate maintenance should end with his death, and that then she should be left to her interests in his estate according to the law. While the amount allowed by the decree is not what might be termed liberal, yet, under the terms of the decree, it may be changed at any time upon application of the complainant. The court may then increase her allowance as her own condition and the financial condition of the defendant require.

Complaint is made by the present solicitor for the complainant, who appeared in the case after the decree was rendered, of the amount decreed to her former solicitor. This amount does not concern complainant, and the defendant has not appealed from it.

The decree will be modified as above stated, and the complainant will recover the costs of this court.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.