RUTH PARSONS, Appellee, v. FRED B. PARSONS, Appellant.

**Divorce:** CORROBORATIVE EVIDENCE. In this action for divorce on the ground of cruel and inhuman treatment, the evidence corroborative of plaintiff is held sufficient to satisfy the statute.

**Same:** ALIMONY. Where the defendant, who was a widower, with

2 several minor children to support, owned property worth from $10,000 to $15,000 accumulated chiefly prior to his marriage to plaintiff, an allowance of $2,000 permanent alimony to plaintiff is held not excessive.

Same: ATTORNEY'S FEES. Additional attorney's fees are allowed plaintiff's attorney for prosecuting the appeal in this case.

3

*Appeal from Marshall District Court.*—HON. J. M. PARKER, Judge.

FRIDAY, MAY 12, 1911.

ACTION for divorce on the grounds of cruel and inhuman treatment. There was a decree for the plaintiff, with alimony in the sum of $2,000. Defendant appeals.— *Affirmed.*

*Bradford & Johnson,* for appellant.

*F. L. Meeker,* for appellee.

EVANS, J.—The parties hereto were married on April 7, 1904, at Clemons, Marshall County. Their final separation occurred in June, 1908. Prior to this time the plaintiff had left the defendant, about August, 1906, and lived apart from him for about one year. Separations of a few days had occurred even prior to that time. At the time of the marriage, the defendant was a widower with five children, ranging in age from four to fourteen years. The plaintiff was a resident of Roanoke, Va., and was a nurse by occupation. She became acquainted with the defendant through correspondence. After the marriage she took charge of defendant's household. She was inexperienced in some of the work of the household, but was always industrious. With the help of the children, she did all the work of the house, including the "building of the morning fires." She also assisted in doing the chores, including the milking

and care of the milk. She also maintained kindly relations between herself and the children, and got along with them without any apparent friction. Between herself and husband, however, there was much and frequent trouble of a harsh nature. If her story is to be accepted as approximately true, she suffered extreme cruelty at his hands upon many occasions. Against her statements the defendant interposes sweeping denials, with some very moderate concessions. It is also urged upon us that the story of defendant lacks corroboration, and that it must, therefore, be disregarded, regardless of the credibility which we might otherwise attach to it.

I. We think there is sufficient corroboration in the record to answer the call of the statute. This is particularly so as to the testimony of the physician. There is also some corroboration in the testimony of the defendant himself. The evidence is quite voluminous, and we will not enter upon a detailed discussion of it. Through some inadvertence some pages of appellant's abstract have been omitted from the bound volumes on file with us. This of itself would require us to affirm for want of having the entire testimony before us. Quite independent of this mishap, however, we are satisfied, from the examination of the testimony which does appear before us, that the decree entered by the lower court was warranted upon the record. The nature of the evidence is such, also, that considerable account must be taken of the appearance of the parties. The evidence in the record indicates that the plaintiff herself is of a nervous and quick temperament, and was not always free from blame. It indicates, also, that the defendant is rough and harsh, both in speech and conduct. Some time after the marriage the plaintiff was seriously ill with pneumonia for several weeks. At a later time she suffered from a miscarriage. The illnesses tend to account to some degree for her nervous condition. That she was in moderately

1. Divorce: corroborative evidence.

good health at the time of her marriage, and that she was greatly broken in health at the time of her separation, is fairly proven. That her impaired health was caused to a substantial degree by the conduct of the defendant is a conclusion which we can not avoid from a consideration of the whole evidence. We think the finding of the trial court in plaintiff's favor is justified by this record, and we can not interfere therewith.

II. The trial court allowed plaintiff alimony in the sum of $2,000. It is urged by appellant that this sum is excessive. The defendant has a farm in Marshall County

2. SAME: of one hundred and sixty-five acres, some
alimony. town property in Clemons, and personal property. He also has some property in New Mexico. He was examined by plaintiff's counsel concerning the values of his property, and such examination constitutes the only evidence in the record on that question. The testimony of the defendant in that regard was indefinite and reluctant. If we were required to determine therefrom just how much the defendant was worth, we would find it difficult. His net worth is somewhere from $10,000 to $15,000. Account should be taken of the fact that the defendant has a family of children to care for, and that his property was acquired in the main before his marriage to the plaintiff. We think the allowance made by the trial court was reasonable under all the circumstances, and that we would not be justified in reducing the same. The defendant produced at the trial a writing, signed by the plaintiff, wherein she agreed to accept $380 as alimony, and wherein she receipted for the same in full. This sum was largely made up by adding together previous alleged payments that had been made to plaintiff during her married life. This paper was signed by the plaintiff in the office of defendant's attorney, and in the absence of her own counsel, some time after the commencement of this suit. She testified that she signed it upon the representation of the defendant

and his attorney that her attorney wanted her to sign it, which was not true. Her testimony in this respect is only partially denied. It is too plain for argument that the amount named in the. agreement was grossly inadequate, and we could not approve the agreement if it were not otherwise impeached.

III. Plaintiff's counsel asks that additional attorney's fees be allowed him for his services upon this appeal. It

3. SAME: at- is so ordered, and the amount thereof is
torney's fees. fixed at $100. The decree is in all respects
*affirmed.*