### WAGNER v. WAGNER.

1. JUDGMENT—PERFECTING RECORD BY ENTRY OF FORMAL DECREE NUNC PRO TUNC PROPER.

   Where, in a suit by a wife for separate maintenance, an opinion of the Supreme Court modifying in favor of the wife the decree of the court below was filed, but through neglect of counsel no formal decree was ever filed or entered, it was proper, when said neglect was discovered several years later, for counsel to perfect the record by obtaining a final decree in harmony with the opinion entered *nunc pro tunc* as of the date of the opinion.[1]

2. CANCELLATION OF INSTRUMENTS—HUSBAND AND WIFE—USELESS LITIGATION.

   Where, between the period of the filing of an opinion by the Supreme Court awarding an allowance for separate maintenance to a wife and giving her an inchoate right to an absolute fee title to land which they held as tenants by the entireties in the event she survived the husband, and the entry of the formal decree, the husband deeded said land to third parties and took back a purchase-price

[1]Judgments, 34 C. J. § 208.

mortgage which he assigned, no useful purpose is served by the wife's commencing a suit to cancel said deed and mortgage, since her rights are already protected by the decree in the former suit.[2]

3. HUSBAND AND WIFE — ESTATES BY ENTIRETIES — CONTROL AND USUFRUCT WITH HUSBAND WHILE BOTH SURVIVE.

The control and usufruct of land standing in the names of husband and wife as tenants by entireties are with the husband while both survive.[3]

4. PLEADING—AMENDMENT—WAIVER.

Defendants' right to claim that plaintiff could not maintain this suit was not waived by their failure to so claim in their answer, since it was within the power of the court to allow amendment of the pleading if such was necessary.[4]

5. APPEAL AND ERROR—QUESTION TIMELY RAISED ON HEARING.

Oral argument and objection by defendants' counsel to the introduction of any evidence for the reason that plaintiff had no right to bring suit in this cause before her husband's death, timely raised the question of plaintiff's right to maintain her suit, where the record shows that the husband is still alive.[5]

Appeal from Washtenaw; Sample (George W.), J. Submitted October 22, 1925. (Docket No. 27.) Decided October 4, 1926.

Bill by Suzanna Wagner against John Wagner, Anthony Stefanowski and others for the cancellation of a deed and mortgage. From a decree for plaintiff, defendants Stefanowski appeal. Reversed, and bill dismissed.

*Samuel W. Shier*, for plaintiff.

*Wilkinson, Lowther, Wilkinson & O'Connell*, for appellants.

STEERE, J. This bill was filed to obtain cancellation of a deed and mortgage covering 240 acres of land

[2]Cancellation of Instruments, 9 C. J. § 58; [3]Husband and Wife, 30 C. J. § 101; [4]Pleading, 31 Cyc. p. 422; [5]Appeal and Error, 3 C. J. § 638.

in Salem township, Washtenaw county, Michigan. Plaintiff and defendant John Wagner are husband and wife.   The property in question was deeded to them as such by previous owners on February 26, 1894, and stood undisturbed in their names as tenants by entireties until a decree was rendered on June 21, 1902, by the Wayne circuit court, in chancery, under a bill filed by her, on July 29, 1899, against her husband for separate maintenance.

In that protracted litigation she was awarded an allowance for separate maintenance to be secured by a lien on all her husband's property, or on other security provided for that purpose, in lieu of which allowance she was required to deed to him all her interests in and to any real estate "now standing in the joint names of said complainant and said defendant, and in and to all the real estate in Wayne county now standing in the name of said complainant alone," providing that in case she failed to convey within 60 days from date of the decree it should "stand for and have the effect of said conveyance so as aforesaid, and may be recorded as such."   She timely appealed from such decree and obtained a decision modifying it as to the real estate, in part as follows:

"According to the absolute terms of this decree, she would have no interest in his estate in the event of his death at any time, except that a fund should be set aside to secure to her the monthly allowance decreed. We think the decree for separate maintenance should end with his death and that then she should be left to her interests in his estate according to the law. While the amount allowed by the decree is not what might be termed liberal, yet, under the terms of the decree, it may be changed at any time upon application of the complainant."   *Wagner* v. *Wagner*, 132 Mich. 343.

The opinion of this court in that case was filed on March 5, 1903, and soon thereafter published in its reports, but no formal decree following the opinion

was ever asked for by the then attorneys of either party, or filed and entered in the records of this court until December 14, 1923, when new attorneys represented the parties in that case.    This decree was entered on motion of plaintiff's counsel after due service of notice of said motion and a copy of the proposed decree upon defendant John Wagner who appeared by counsel and contested the same.    Said decree was recorded in the office of the register of deeds of Washtenaw county on January 17, 1924.    It provides in part as follows:

"That the separate maintenance ordered to be paid by the decree of the said circuit court shall not cut off complainant's interest in the property of the defendant; that the separate maintenance so ordered to be paid by said decree shall cease with the death of the defendant and the complainant left to her rights in his property according to the law.

"It is further ordered, adjudged and decreed, that this decree be entered *nunc pro tunc* as of the 5th day of March, A. D. 1903, and that it be operative and of full force and effect from and after that date.

"It is further ordered, adjudged and decreed, that this decree be placed of record in the office of the register of deeds for the county of Wayne, State of Michigan."

In the meantime John Wagner, defendant in that case and this, had, on April 1, 1920, executed a deed of the property in question to defendants Anthony and Frances Stefanowski, taking from them a $12,000 purchase-price mortgage upon the premises for deferred payments, which he assigned to the defendant Union Trust Company.    These instruments were duly recorded in Washtenaw county shortly after they were executed.

Plaintiff and defendant John Wagner were then husband and wife with the title to this property standing in their names as tenants by entireties.    Their muniment of title was a short form warranty deed

which had been recorded in the office of the register of deeds of Washtenaw county on February 27, 1894. Whether the Wayne county decree of June 21, 1902, in *Wagner* v. *Wagner, supra,* was ever recorded in Washtenaw county and, if so, when, is left largely to inference. The only testimony we discover upon that subject is by one of defendants' attorneys in this case who testified that he had examined an abstract of the property and on it appeared the decree of the circuit court of Wayne county with nothing in reference to any decree of the Supreme Court.

Whether that decree was recorded or not, the last instrument in the chain of title to this property recorded in the office of the register of deeds of Washtenaw county was the decree of this court reversing that decree as to plaintiff's property rights, ending its provision as to maintenance with her husband's death, and restoring her inchoate property rights as his wife.

This litigation evidently had its origin in failure of plaintiff's counsel in *Wagner* v. *Wagner, supra,* to perform his full duty to his client, and, when the opinion of this court in that case was filed in 1903, prepare and after due notice present to this court for settlement a decree in accordance with its opinion. When it was discovered years later that he had neglected to do so it was but natural and proper for plaintiff to employ counsel to perfect the case by obtaining a final decree in harmony with this court's decision as announced in its published reports and record the same with the register of deeds in the county where the property affected by it was situated.

But what useful purpose could be served by commencing this litigation which asks the court to again say what it has already said in fact and legal effect, we are unable to divine. As decided in plaintiff's favor by the trial court, she gets nothing beyond what she already had, which is a separate allowance during her husband's life and an inchoate right to an absolute

fee title to this land in the event she survives her husband. The control and usufruct of land standing in the name of husband and wife as tenants by entireties are with the husband while both survive.

The contention is made by plaintiff's counsel that appellants waived their right, if any, to contend that plaintiff may not maintain these proceedings, by not making that claim in their answer or by motion to dismiss the bill. If further pleadings were necessary to that end it is within the power of the court to allow an amendment; but upon the hearing defendants' counsel timely raised that question by oral argument and objections in part as follows:

"I wish to state for the record that we object to the introduction of any evidence in this case for the reason we do not believe the plaintiff has the right to bring this action before the death of John Wagner. The suit is improperly brought and therefore we object."

Defendants' answer also asks for dismissal of the bill for want of equity. Upon this record, the Wagners are both alive and yet husband and wife. Under plaintiff's own theory her existing rights have been adjudicated and made of record. Tested by this record, she can be granted no relief beyond that which she already has.

The *nunc pro tunc* decree of this court in *Wagner v. Wagner, supra,* cannot be collaterally attacked or questioned in this proceeding and furnishes her substantially the same protection asked for in this case.

Her bill should be and hereby is dismissed, with costs to the appealing defendants.

BIRD, C. J., and SHARPE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.