WAGNER *v.* WAGNER.

1. DIVORCE—DOWER—DUTY OF THE COURT TO MAKE AN AWARD IN LIEU OF DOWER.

In granting a divorce, it is the duty of the court, under 3 Comp. Laws 1915, § 11436, to include a provision in lieu of dower of the wife in the property of the husband.

2. SAME—POWER OF COURT TO DISPOSE OF PROPERTY HELD BY ENTIRETIES.

In a suit for divorce, under the pleadings, the court had power to adjust the property held by the parties as tenants by the entireties, having in mind all the property possessed by the parties and an equitable adjustment thereof.

3. HUSBAND AND WIFE—DOWER—HUSBAND MAY CONVEY PROPERTY SUBJECT TO WIFE'S DOWER RIGHTS.

A husband may convey his property, except the homestead and land held by the entireties, without the wife's consent or signature, and pass title, subject, however, to her inchoate right of dower.

4. DIVORCE—DOWER—AWARD IN LIEU OF DOWER.

Where a husband had made conveyances without his wife's signature, her inchoate right of dower was not thereby defeated or impaired, and the court, on granting a decree of divorce, could award a sum in lieu or satisfaction thereof.

5. SAME—ALIMONY.

Where a husband had real and personal property worth $47,800, and had conveyed a farm owned by him and his wife by the entireties without the wife's consent, an award to the wife of $12,500 as permanent alimony, cutting off all her rights to said farm, on granting a decree of divorce, *held*, insufficient, on appeal, and increased to $17,500.

6. COSTS—AWARD LIMITED TO NECESSARY COST OF RECORD.

Where, on appeal from the award of alimony in a divorce

---

[1]Divorce, 19 C. J. § 777; [2]Id., 19 C. J. §§ 773, 776; [3]Husband and Wife, 30 C. J. § 38; [4]Divorce, 19 C. J. § 777; [5]Id., 19 C. J. § 614; [6]Costs, 15 C. J. § 666 (Anno).

suit, the printed record contains 424 pages, while 200 pages would have been sufficient to present the issue involved, appellant, although prevailing, is awarded costs for printing 200 pages only.

Appeal from Wayne; Webster (Arthur), J. Submitted October 6, 1926. (Docket No. 18.) Decided January 3, 1927.

Bill by John Wagner against Suzanna Wagner for a divorce. Defendant filed a cross-bill for a divorce. From a decree for defendant respecting alimony, she appeals. Modified and affirmed.

*Frank D. Andrus* and *August Cyrowski,* for plaintiff.

*Samuel W. Shier,* for defendant.

WIEST, J. In this suit defendant was granted a decree of divorce on her cross-bill, and awarded $12,500, in cash, as permanent alimony, in lieu of dower and tenancy by the entireties. She appealed from the award but not from the decree of divorce.

The parties were married January 14, 1874. In 1899 defendant herein filed a bill for separate maintenance and was granted a monthly allowance which was decreed to be in lieu of dower. In 1903 this court rendered an opinion modifying that decree by eliminating the dower provision. *Wagner* v. *Wagner,* 132 Mich. 343. By reason of delay of counsel decree in this court was entered December 14, 1923, *nunc pro tunc,* as of March 5, 1903.

Up to the time of the separate maintenance suit, plaintiff herein had accumulated considerable property but later met with severe losses in his business of constructing sewers. December 31, 1923, he filed the bill herein for divorce. In the circuit, counsel for defendant asked that the award to his client be made in

cash.    This was done and plaintiff required to make
full payment within 90 days.    We think the allega-
tions in defendant's cross-bill and her prayer for re-
lief gave the court full power to adjust all property
matters between the parties.    After the decree for
separate maintenance, Mr. Wagner executed land con-
tracts without the signature of his wife, and had other
dealings in which his wife did not release her inchoate
right of dower.    It was the duty of the circuit judge,
in granting the divorce, to include a provision in lieu
of dower of the wife in the property of the husband
(3 Comp. Laws 1915, § 11436) ; also, under the plead-
ings, the court had power to adjust the property held
by the parties as tenants by the entireties.

There is a farm in Washtenaw county with title in
the parties by the entireties.    Plaintiff sold this farm
without his wife joining, took back a mortgage to him-
self and sold the mortgage.    Defendant herein filed
a bill to cancel that deed and the mortgage.    The case
came to this court and we held that none of her rights
were cut off thereby and if she survived her husband
she would take title as survivor.    *Wagner* v. *Wagner*,
236 Mich. 84.

It is time the property troubles between these parties
be once and for all time settled.    The circuit judge
had power to award the farm to either party, having
in mind, however, all the property possessed by the
parties and an equitable adjustment thereof.    *Allen*
v. *Allen*, 196 Mich. 292; *Montgomery* v. *Montgomery*,
221 Mich. 31.    The decree appealed from adjusted the
property rights, and the only question before us is
whether the award is equitable and just.

Plaintiff is 79 years of age and defendant 77.    Their
earning powers are at low ebb.    It is difficult, under
this record, to search through plaintiff's property deal-
ings since the separate maintenance decree in 1903.
Defendant wants him charged with property he failed

to save from foreclosure, wants the value of her inchoate right of dower in all property conveyed by him without her signature or have such right left for her if she survives, regardless of whether some of the property was held by him under deeds intended to be mortgages. Of course, he could convey his property, except the homestead and the farm held by the entireties, without her consent or signature and pass title, subject, however, to her inchoate right of dower. While he could not, by his conveyances, defeat or impair her inchoate right of dower, the court in the decree of divorce can award a sum in lieu or satisfaction thereof.

It would be of no benefit to the profession to review the evidence. The circuit judge found the plaintiff possessed of real estate known as the Helen avenue property, with an equity therein of about $10,000; the Illinois street property with an equity therein of $2,800; the homestead worth about $12,000; and the St. Aubin avenue property worth $8,000. Defendant owns the Watson street property, worth $14,000, given her years ago by plaintiff. Plaintiff has bank stock and other personal property of the value of about $15,000. The decree cut off all rights of defendant as tenant by the entireties in the Washtenaw county farm. We think the award to defendant should be increased, as the decree will end all dower rights, tenancy by entireties, quiet all claims of defendant under deeds, land contracts and other instruments executed by plaintiff without defendant's signature, and end all possibility of further litigation over property or asserted rights therein. We think the award should be increased from $12,500 to $17,500.

The decree as entered in the circuit court will be so modified, and in all other respects affirmed. Plaintiff must make payment within 90 days, otherwise the property will be sold, in due form, to satisfy the award.

No appeal having been taken from that part of the decree granting a divorce, there was no occasion to print in the record the testimony relating thereto. The printed record has 424 pages. Defendant will recover costs of this court, but may tax the cost of the record at 200 pages only.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and McDONALD, JJ., concurred.   CLARK, J., concurred in the result.