WAGNER *v.* WAGNER.

1. DIVORCE—REHEARING—DECREE MODIFIED WHERE COURT MISLED BY TESTIMONY.

Where, on appeal in divorce suit, the Supreme Court was misled by the wife's testimony that she had no money and had none coming to her on mortgages or notes, and the award to her was for this reason increased from $12,500 to $17,500, but, on rehearing, it appears that she had $11,290.15 on deposit in banks and had $2,500 in United States certificates, its former decree is modified, and the decree of the court below affirmed.

[1]Divorce, 19 C. J. § 614.

2. APPEAL AND ERROR—BRIEF ON REHEARING NOT STRICKEN BE-
CAUSE WRONGLY ENTITLED.

> Where, in divorce suit, after decree on appeal, the wife
> died, and the Supreme Court, on its own motion, ordered
> a rehearing and directed briefs to be filed, it will not
> strike the husband's brief from the case because it is en-
> titled in the wife's name rather than in the name of the
> administrator of her estate.

3. EXECUTION—WHERE SALE NOT SET ASIDE UNNECESSARY FOR
PURCHASER TO INTERVENE.

> Where the Supreme Court did not stay the operation of
> its decree, and execution issued thereunder and levy was
> made on bank stock with sale thereof, which, on rehear-
> ing, is not set aside, although the decree is modified, leave
> for the execution purchaser to intervene is unnecessary.

Appeal from Wayne; Webster (Arthur), J. Sub-
mitted October 6, 1926.   (Docket No. 18.)   Decided
January 3, 1927.   Submitted on rehearing October 3,
1927.   Former opinion modified December 1, 1927.

Bill by John Wagner against Suzanna Wagner for a
divorce.   Defendant filed a cross-bill for a divorce.
From a decree for defendant respecting alimony, she
appeals.   Affirmed.

*Frank D. Andrus* and *August Cyrowski*, for plaintiff.

*Samuel W. Shier*, for defendant.

### ON REHEARING.

WIEST, J.   In *Wagner* v. *Wagner*, 237 Mich. 371,
we increased the award to defendant from $12,500 to
$17,500.   The record then before us showed the follow-
ing testimony given by defendant:

"It is not true that I have got $1,500 on a mortgage
in Hamtramck; I ain't got no money; nobody owes me
money on mortgages, just the rent.   *   *   *   Nobody
owes me money on notes."

---

[2]Appeal and Error, 3 C. J. § 1583 (Anno); [3]Executions, 23 C.
J. § 824.

June 2, 1927, plaintiff moved this court for leave to apply to the circuit court for a rehearing on the ground that, at the time of the hearing in the circuit, defendant had on deposit in various banks in Detroit $11,290.15, and had $2,500 in United States savings certificates, as disclosed by the account of the special administrator of Mrs. Wagner's estate, filed April 21, 1927. June 16, 1927, on our own motion, we ordered a rehearing in this court on briefs. April 12, 1927, defendant's death was suggested of record and an exemplification of the probate record filed showing the appointment of the United States Trust Company as administrator.

We were misled by the testimony of Mrs. Wagner, and now exercise the remedial power at our command by modifying our decree to accord with the decree in the circuit. This reduces the award from $17,500 to $12,500. Under our decree an execution issued, a levy was made upon bank stock of plaintiff with sale thereunder to Wm. C. Roney & Company. Wm. C. Roney & Company, by petition, asks leave to intervene to protect rights as such purchaser. The United States Trust Company, administrator of the estate of Suzanna Wagner, deceased, moves to strike the brief of plaintiff from the case, because it is entitled John Wagner v. Suzanna Wagner and not John Wagner v. United States Trust Company, administrator. We directed briefs to be filed, and will not strike from the case the brief filed by plaintiff for the technical reason alleged.

We did not stay the operation of our decree and the sale of the bank stock ought not to be set aside. If the $17,500 has been collected from the plaintiff, the estate of Suzanna Wagner, deceased, must refund the sum of $5,000. If plaintiff has been made to pay any amount above $12,500 the estate of Suzanna Wagner, deceased, must make refund. This dis-

position renders it unnecessary to grant the execution purchaser leave to intervene.

The decree in this court will be modified to accord with this opinion, but without costs to either party.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.