Edythe C. Young as Executrix of the Last Will and Testament of William J. Young, Jr., Deceased, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 90414.   Promulgated January 27, 1939.

*John W. Townsend Esq.,* for the petitioner.
*Harold F. Noneman, Esq.,* for the respondent.

**OPINION.**

ARNOLD: Petitioner contends that the right of deduction is specifically granted by section 303 (a) (1) of the Revenue Act of 1926, as a claim allowed by the laws of the jurisdiction under which the estate is being administered, that the claim is not founded upon a promise or agreement but upon a decree of a court of competent jurisdiction, which decree is founded on an obligation imposed by law.

Respondent disallowed the deduction on the ground that the claim is founded upon a promise or agreement to pay alimony during the lifetime of the decedent's former wife and contends it was not incurred for adequate and full consideration in money or money's worth within the meaning of sections 804 and 805 of the Revenue Act of 1932, amending section 303 (a) (1) and (d) of the Revenue Act of 1926.

Section 303 (a) (1) and (d) of the Revenue Act of 1926, as amended by sections 804 and 805 of the Revenue Act of 1932, and as further amended by section 403 (a) of the Revenue Act of 1934, is set out in the margin, in so far as applicable.[1]

The first question to determine is whether the claim was founded upon a promise or agreement. If not so founded, the provisions of the act with reference to consideration will not be applicable. We think the claim was not founded upon a promise or agreement, but was founded upon the divorce decree in which alimony was awarded in a fixed sum of $4,500 per year, payable annually during the lifetime of Katherine P. Young.

It is true that Katherine P. Young and the decedent entered into an agreement during the pendency of the divorce proceedings which provided *inter alia* for the payment of alimony in the event a decree for divorce was granted, but the wife's right to alimony grows out of the legal duty of the husband to support her and not out of a promise or agreement. *Martin* v. *Martin*, 65 Iowa, 255; 21 N. W. 595; *Wilson* v. *Hinman*, 182 N. Y. 408; 75 N. E. 236; *Wagner* v. *Wagner*, 132 Mich. 343; 93 N. W. 889; *Stahl* v. *Stahl*, 114 Ill. 375; 2 N. E. 160; *Emerson* v. *Emerson*, 120 Md. 584; 87 Atl. 1033. "The judgment for alimony does not create a new obligation or duty in that respect. It but determines the extent of the existing obligation, and regulates the manner of its performance." *Martin* v. *Martin, supra.*

Even if the parties have settled their property rights, and have made provision for the support of the wife by a written agreement, the court may disregard the agreement and award such alimony as it deems right. In such case the right to alimony is predicated on the action of the court and not upon the agreement of the parties. *Douglas* v. *Willcuts*, 296 U. S. 1; *Parsons* v. *Parsons*, 152 Iowa, 68; 131 N. W. 17; *Wilson* v. *Wilson*, 40 Iowa, 230. Section 10481 of the Iowa Code of 1935 provides that when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the main-

---

[1] Sec. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a citizen or resident of the United States, by deducting from the value of the gross estate—

(1) Such amounts—

\* \* \* \* \* \* \*

(C) for claims against the estate,

\* \* \* \* \* \* \*

(E) \* \* \* as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered \* \* \*. The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth. \* \* \*

(d) \* \* \* For the purposes of this title, a relinquishment or promised relinquishment of dower, curtesy, or of a statutory estate created in lieu of dower or curtesy, or of other marital rights in the decedent's property or estate, shall not be considered to any extent a consideration "in money or money's worth"

tenance of the parties, as shall be right, and may make subsequent changes in these respects when circumstances render them expedient.

In *O'Hagan* v. *O'Hagan*, 4 Iowa, 509, it was held that the obligation to pay alimony is a personal one and terminates upon the death of either party, but, where the decree awards alimony during the life of the wife, and the court has acted upon the whole question during their joint lives, the decree has the same force and validity as any other judgment, and upon the husband's death may be enforced against his estate.

After the marriage was dissolved in 1917, Katherine P. Young was no longer a member of decedent's family, and the only relationship which existed between them was that of a judgment creditor and a judgment debtor. As a judgment creditor she was vested with the same rights to enforce her claim which the law gives to all other creditors of that class. *Schooley* v. *Schooley*, 184 Iowa, 835; 169 N. W. 56, 58.

It would seem to follow that the claim which Katherine P. Young asserted against the decedent's estate rested immediately upon the judgment and decree of the Iowa court, which in turn was a judicial determination of the amount required from decedent to discharge an obligation imposed by law. Neither the obligation, nor the amount thereof, was created or determined by the agreement of the parties. The law imposed the one and the decree of court determined and adjudicated the other.

Both parties rely upon our decision in the *Estate of Eben B. Phillips*, 36 B. T. A. 752, as determinative of this case. The *Phillips* case involved two claims, both of which were founded upon contract. One claim rested upon an agreement whereby the husband made provision for his wife, through the creation of a trust, in consideration of her relinquishment of dower and all other marital rights. Thereafter the husband obtained an uncontested divorce. It does not appear that the contract with the wife was in any way made a part of the divorce decree. The predivorce contract with the wife was subsequently modified by the parties in particulars not presently material. Another agreement was entered into concerning the support of children. Following the death of the husband there was litigation as to the liability of the estate under the agreement for the support of the children. There was no showing that the wife's claims were presented and adjudicated in that or any other litigation. We held that the claim for deduction founded on the contracts with the wife was not allowable. Deduction was denied because the contracts were in settlement of dower or other marital rights and the statute expressly prohibits the treatment of such claims as allowable deductions. Cf. *Empire Trust Co., Executors*, 35 B. T. A. 866; affd., 94 Fed. (2d) 307.

The claim for support of children, adjudicated by the local court having jurisdiction over the estate, was held to be an allowable deduction. Not only was the claim enforceable against the estate, but the conversion of the father's obligation for support of his minor child into a fixed amount was considered to be adequate and full consideration.

The facts here make this case distinguishable from the *Phillips* case. The claim here is not founded on the promise or agreement between husband and wife in settlement of dower or other marital rights in the decedent's property or estate, but upon the decree of the Arizona court which recognized the obligation imposed upon the estate by the decree of the Iowa court. The claim against the estate rests upon alimony, which is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. *Audubon* v. *Shufeldt*, 181 U. S. 575. In Iowa neither the right to support nor the right to alimony create an interest in the wife in her husband's property or estate, *Martin* v *Martin*, *supra*, and since the limitation contained in section 303 (d) is bottomed upon the relinquishment or promised relinquishment of rights "*in the decedent's property or estate*," it can not be said that Katherine P. Young's relinquishment of her claim for alimony was a relinquishment of a right in either decedent's property or in his estate.

In view of the foregoing discussion it is our opinion that the amount paid in satisfaction of the claim for alimony is a proper deduction from the decedent's gross estate. In so holding we have assumed that the petitioner is entitled to the entire amount of the deduction claimed, if, as a matter of law, she is entitled to any deduction whatever, since the parties have tried and briefed the issue upon that theory.

It is admitted that subsequent to the issuance of the deficiency notice, the petitioner consented to the immediate assessment and collection of $420 of the alleged deficiency, in order to avoid the accrual of interest thereon during the pendency of this proceeding. The inference is that payment of the $420 was made, but, the admissions in the pleadings and the stipulation of facts are insufficient to support a finding that the $420 was actually paid. If payment of this portion of the asserted deficiency has been made, there has been an overpayment of tax, and decision will be entered accordingly.

*Decision will be entered under Rule 50.*