## SUSANNA ROSS v. EDWARD H. ROSS.

*Finality of orders—Temporary alimony—Committal for contempt—Wife's separate property.*

An allowance of temporary alimony to maintain a wife while prosecuting a suit for divorce and to enable her to obtain counsel, can only be granted where it is made to appear, by the bill of complaint or by petition, that the wife has no separate property of her own, and that the husband has property.

The presumption that a wife has no separate property cannot be entertained in Michigan.

An order for temporary alimony is not appealable.

An order committing a defendant for contempt in refusing to pay temporary alimony is appealable.

Appeal from Superior Court of Detroit. Submitted October 18. Decided October 26.

DIVORCE. Defendant appeals. Order reversed.

*Griffin & Dickinson* for complainant. An affirmative showing of want of means is unnecessary to support an application by a wife for the expenses of her suit for divorce. 2 Bish. Mar. and Div. § 490 : *McGee v. McGee* 10 Ga. 489 ; *Coles v. Coles* 2 Md. Ch. 349 ; *Daiger v. Daiger* id. 335 ; *Swearingen v. Swearingen* 19 Ga. 266.

*John G. Hawley* for defendant. In applying for temporary alimony and suit-money, a wife must show that she has not sufficient means to enable her to live and carry on her suit without an allowance. 2 Bish. Mar. and Div. § 394 ; *Lewis v. Lewis* 3 Johns. Ch. 519 ; *Bartlett v. Bartlett* Clarke Ch. 460 ; *Logan v. Logan* 2 B. Mon. 142 ; *Holmes v. Holmes* 4 Barb. 295 ; *Wright v. Wright* 6 Tex. 29 ; *Methvin v. Methvin* 15 Ga. 97 ; *Pinckard v. Pinckard* 22 Ga. 31.

MARSTON, C. J. This is an appeal from an order directing that the defendant be committed for contempt in not paying alimony in accordance with an order made on the 13th day of September, 1880. This order of September 13th was granted on the showing made by the complainant in her bill of complaint.

The complainant in her bill alleges that during their married life "her said husband and herself have accumulated valuable real estate," describing the same, besides other property which she is unable to describe, and that the defendant derives an income from his business of about four thousand dollars per annum. She also alleges that the

defendant has frequently threatened "that he would dispose of all their property  *  *  *  and that he would rent the house where your oratrix is living."

This is all that is set forth in the bill touching the question of property, and it is at least ambiguous—in that it does not clearly show whether the property which they have accumulated during their married life, is in the defendant's name or their joint names. The complainant nowhere alleges or intimates that she has no property; for aught that appears she may have abundant means wherewith to support herself and children, and carry on this suit.

It is only in cases where it is made to appear, by the bill of complainant or petition, that the wife has no separate property of her own to support herself and enable her to carry on her suit, and her husband has property, that the court will compel him to make a suitable allowance for her maintenance and to enable her to employ counsel. *Story v. Story* Walker Ch. 421. No such showing was made in this case, but it is claimed that the presumption of law is that the wife has no property. That presumption can no longer be indulged in under our statute, which has materially changed the old common-law rule, respecting the rights of married women to acquire and possess property.

There was therefore no showing upon which the order of September 13th could be based. And the defendant could not appeal therefrom, so that he has lost no right by the delay. *Cooper v. Mayhew* 40 Mich. 528. But from the order which seeks to deprive him of his liberty as a means of enforcing obedience to the order of September 13th, he has a right to be heard and be relieved therefrom.

The order appealed from will therefore be reversed and held for naught.

The other Justices concurred.