DELOR v. WAYNE CIRCUIT JUDGE.

1. APPEAL AND ERROR—PROHIBITION—ALIMONY.
   Provisions for temporary alimony may be incorporated in a final decree for divorce, and disobedience of the order punished upon contempt proceedings, after the claim of appeal and bond have been filed, under Act No. 340, Pub. Acts 1907.

2. SAME—JURISDICTION AFTER APPEAL.
   The jurisdiction of the Supreme Court does not attach on appeal from a decree in chancery, until the return is filed with the clerk.

Prohibition by Joseph Delor to restrain Joseph W. Donovan, circuit judge of Wayne county, from further action in contempt proceedings. Submitted February 23, 1909. (Calendar No. 23,262.) Writ denied July 15, 1909.

*Charles S. Hampton*, for relator.

*Thomas Hislop*, for respondent.

HOOKER, J. The respondent sitting in chancery made a final decree in a divorce cause against the defendant, Joseph Delor. The decree contained provisions regarding permanent alimony. It also provided that defendant should pay for the support of the complainant and her children the sum of $7 per week until the provisions of the decree as to permanent alimony should be complied with, and in case of appeal $8 per week. We take this statement of the decree from the petition filed in this proceeding; no copy of the decree appearing in this record. The decree was entered on January 20, 1909. Defendant filed a claim of appeal on January 27, 1909, and a bond as required by law. See Act No. 340, Pub. Acts 1907. On February 4, 1909, proceedings for contempt were begun before the circuit court, based on defendant's failure

to pay said sum of $7 per week, whereupon this proceeding was instituted for a writ of prohibition, to restrain the court from allowing further steps in the contempt matter.

In his final decree the learned circuit judge has thought it advisable to include provisions of a temporary nature, to secure the support of the wife and children during the period following the final decree, and before compliance with its terms as to permanent alimony. This we think within his power, and the fact that the temporary order was incorporated in the final decree does not make that provision reviewable on appeal, and subject to a stay, upon filing an appeal bond, under section 2, Act No. 340, Pub. Acts 1907. See *Ross* v. *Ross*, 47 Mich. 185 (10 N. W. 193). It should be treated as a temporary order, the enforcement of which is with the circuit court, under the provisions of section 5 of said Act No. 340, at least until the jurisdiction of the Supreme Court shall have attached, which does not occur in such cases until the return is filed in said court. *Id.*

The writ is denied.

BLAIR, C. J., and MOORE, McALVAY, and BROOKE, JJ., concurred.