SNAY v. SNAY.

1. DIVORCE—ALIMONY—PROPERTY SETTLEMENT.

In divorce proceedings, the decree of the court below awarding the home to complainant and attaching a lien on other property owned by, defendant for the purpose of paying incumbrances against the home, which largely exhausts his property, will not be set aside, on appeal, where the evidence shows that he was a confirmed drunkard and had largely dissipated his property, and little was to be expected from him in the future for the maintenance of complainant and for the education and maintenance of the three minor children, whom it was his duty to support.[1]

2. SAME — ORDER — MODIFICATION OF DECREE — APPEAL PENDING — JURISDICTION.

The court below had jurisdiction, after defendant had filed his claim of appeal, to order him to surrender to complainant the possession of a note awarded to her by the general decree, and said order did not amount to a modification of the general decree while an appeal was pending.

Appeal from Wayne; Mayne, J., presiding. Submitted January 11, 1916. (Docket No. 100.) Decided July 21, 1916.

Bill by Theresa Snay against Frank Snay for divorce. From a decree for complainant, defendant appeals. Affirmed.

*John H. Dohrman*, for complainant.

*Thomas Mulvihill* (*George M. Behman*, of counsel), for defendant.

PERSON, J. In this case the complainant was awarded a decree of absolute divorce from the defendant, and was given the care, custody, and maintenance of their

_____
[1]As to effect of husband's ability and opportunity to earn as basis for alimony in divorce case, see note in 4 L. R. A. (N. S.) 909.

three minor children, aged nine years, eight years, and three years, respectively. While counsel for the defendant protests that the decree was unwarranted, he yet fails to urge any good reason against it, and admits that the parties cannot longer live together. An examination of the proofs convinces us that the divorce was fully authorized and should not be set aside.

The principal contention is over the alimony awarded, and one's first impression may be that the amount is excessive. But further consideration will show, we think, that the decree in this respect should not be materially changed or modified. The circuit judge found that defendant had been guilty of extreme cruelty towards complainant, and that he was an habitual drunkard. At one time, as the record shows, he was possessed of considerable property, all of which came to him by inheritance. About five years before the hearing of this case he sold a farm, upon which they had lived, for $5,500. Out of the proceeds he purchased a place on Rohns avenue, in the city of Detroit, for which he paid, as we understand it, $1,600. He also loaned to one McConnell $300, taking a promissory note therefor. The balance of the money, or most of it, he has dissipated in drink. Upon selling the farm, he declared, according to complainant's testimony, that he was not going to stop drinking, and was not going to work, until everything was used up, and they had only $1,000 left. He does not deny such declaration of intention, and appears to have adhered to it pretty closely in practice. Complainant estimates that, although in good health, he has worked only about three months, in all, during the five years. The Rohns avenue property, where complainant lives with the children, is estimated by a dealer in real estate to be now worth about $2,200; but the house seems to be in a somewhat dilapidated condition, and without furnace, basement, or bath. That property is mort-

gaged for $500, and taxes have been allowed to accumulate against it to the amount of $125. In the meantime defendant has inherited an interest in another piece of property, called the "lake front property," and this interest is supposed to be worth about $1,500. These two pieces, the Rohns avenue property, with the liens upon it, and the interest in the lake front property, are all that remain to defendant, with the exception of $150, or thereabouts, still unpaid on the McConnell note. The defendant, at the time of the decree, was also in arrears to the amount of $111 for temporary alimony, ordered by the court during the progress of the suit.

It was under these circumstances that the court awarded the Rohns avenue property to complainant, for the support and maintenance of herself and the children, together with the household furniture, which was probably of small value, inasmuch as counsel pass it over without comment. And, in addition thereto, the court further decreed:

"That the said promissory note aforesaid so due from said William McConnell to said Frank Snay, and the avails thereof, shall be and belong to the said complainant, Theresa Snay, in payment of said temporary alimony, as and for her present needs, and further that the said defendant, Frank Snay, shall pay to the complainant, Theresa Snay, forthwith, or as soon as said interest of the said defendant in the property hereinbefore mentioned, located in Macomb county [lake front property], can be sold and converted into money, as follows: If the one-eighth interest of the said defendant therein sell for $1,500, then $1,150 thereof to the said complainant, and $350 to the said defendant, with a solicitor's fee of $35 to John H. Dohrman, complainant's solicitor. If the one-eighth interest of the said defendant therein sell for $1,800 or more, then $1,350 thereof to the said complainant, and the balance thereof to the said defendant, with a solicitor's fee of $50 to John H. Dohrman, complainant's solicitor, and that said money shall be by the said com-

plainant forthwith first applied to the discharge and
cancellation of said real estate mortgage hereinbefore
mentioned, and the clearing of the said property so
awarded to her from this court from the several liens
and incumbrances by taxes and assessments there-
upon, and that the balance of said money shall be as
and for support, maintenance, and education of said
minor children, Irene Snay, Hazel Snay, and Ralph
Snay, mentioned in said bill of complaint."

There then follows in the decree a provision mak-
ing the amounts awarded a lien upon the interest of
defendant in the lake front property, and a further
provision for the sale of the property by a circuit
court commissioner, if necessary.

It was evidently the purpose of the circuit judge to
secure a home for the wife and children, as the best
possible provision that could be made for them, and
to allow her something to be used for the children's
support and education. To make this home secure it
was necessary that the incumbrances should be paid,
and to make it comfortable repairs are needed. The
amount awarded leaves but a little for her use after
these things are done. That it largely exhausts such
property as defendant's dissipation has left is his own
fault. It was, and is, his duty to provide a home for
the children he has brought into the world, and for the
mother who bore them; and the only apparent means
for enforcing this duty is to take the property now on
hand. It is useless to hope for further assistance from
a man who intentionally proceeds to squander the
means required for the support of his family. In one
sense of the word he has had his share. The alterna-
tive was before the court to save what was possible for
the wife and children, or to let him throw it away.

It is suggested by counsel for defendant that, in-
stead of placing the title to all of the property award-
ed as alimony in the name of the wife, some portion
of it should be so disposed of as to make it more cer-

tain that the children will be benefited. But the amount, at the best, is not large, and it was found by the court that the complainant is competent to have the control of it. Any further restrictions upon its use may render it unavailable in case of necessity. As above stated, the general decree gave the McConnell note, upon which some $150 remained unpaid, to complainant in liquidation of the temporary alimony previously ordered, the balance to be used by the complainant for her present needs. When the decree was made, the note was in the possession of defendant, and he declined to surrender it to complainant. Thereupon, and after defendant had filed his claim of appeal, a further order was made by the circuit court in chancery that defendant forthwith surrender and deliver the note to complainant. An appeal was taken from this order, upon the ground that the circuit judge had no jurisdiction to make it, and that it amounted to a modification of the general decree while an appeal was pending. In this we think that the defendant is wrong. It is not claimed that any return had as yet been made to this court, nor had any bond on appeal been approved and filed. The circuit court had jurisdiction to make the order. *Delor* v. *Circuit Judge*, 157 Mich. 587 (122 N. W. 196).

Both the decree and order are affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.