SPRATLER *v.* SPRATLER.

1. DIVORCE—ALIMONY—DOWER—STATUTES.

The provisions of Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1915, § 11436 *et seq.*), providing that whenever any decree of divorce is granted it shall be the duty of the court to include in it a provision in lieu of the wife's dower, being inconsistent with section 11415, 3 Comp. Laws 1915, providing that, when a divorce is decreed in certain cases, the wife shall be entitled to dower in the lands of the husband, *held*, that the latter statute is repealed by implication. OSTRANDER, C. J., and MOORE, J., dissenting.

2. SAME.

Where, in divorce proceedings, the evidence shows that, at the time of the marriage, defendant husband was 60 years of age and the wife 24, that they lived together about four and one-half years, during which time defendant's fortune was not materially increased by plaintiff's efforts, that the fair value of his real property was $30,000, and his personal $5,642, exclusive of household goods, an award to plaintiff of $5,000 in lieu of dower, household furniture of the value of $846, and taxable costs including an attorney fee of $350, will not be disturbed on appeal, as either unfair or inadequate, although defendant was guilty of extreme cruelty and adultery.

Appeal from Kent; Perkins, J. Submitted June 6, 1918. (Docket No. 41.) Decided December 27, 1918.

Bill by Lida Spratler against Joseph Spratler for a divorce. From a decree for plaintiff respecting alimony, she appeals. Affirmed.

*Don E. Minor,* for plaintiff.

*H. Monroe Dunham,* for defendant.

BIRD, J. Plaintiff filed her bill praying for a decree of divorce from defendant on the grounds of extreme

See note in 44 L. R. A. (N. S.) 998.

cruelty and adultery. Upon the hearing of the cause the chancellor was persuaded that defendant was guilty of both charges and accordingly granted plaintiff relief, announcing at the time that he would hear the parties later on the question of alimony. Subsequently the matter was taken up and testimony offered bearing upon the value of defendant's property, which was largely real estate, situate in the city of Grand Rapids. The conclusion reached by him was that a fair value of the real estate was $30,000, and the personal property $5,642, exclusive of household goods. Upon this valuation the chancellor awarded plaintiff $5,000 in lieu of dower, household furniture of the value of $846, and taxable costs including an attorney fee of $350. Plaintiff was dissatisfied with this award and has appealed to this court.

Plaintiff makes the point that defendant having been found guilty of the charges of misconduct and adultery, she is entitled to dower under the following statute:

"When the marriage shall be dissolved by the husband being sentenced to imprisonment for life, and when a divorce shall be decreed for the cause of adultery committed by the husband, or for the misconduct, or habitual drunkenness of the husband, or on account of his being sentenced to imprisonment for a term of three years or more, the wife shall be entitled to her dower in his lands in the same manner as if he were dead; but she shall not be entitled to dower in any other case of divorce." 3 Comp. Laws 1915, § 11415.

Defendant denies that the foregoing statute is applicable to the present situation by reason of the passage of Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1915, § 11436 *et seq.*), the material portion of which reads:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty

of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns, or may thereafter own, or in which he may have any interest."

The question therefore presented for our consideration is, to what extent section 11415 was affected by the passage of Act No. 259.

1. Both of these statutory provisions deal with the same subject-matter. Act No. 259 makes no reference to the former one. In section 11415 the legislature itself fixes the alimony which a wife shall be entitled to, if granted a decree of divorce on the ground of misconduct or adultery. Act No. 259 confers upon chancery courts in all cases the power to fix a provision in lieu of dower. It is quite apparent that these provisions are conflicting and are therefore repugnant. The only way, which occurs to us, that they could be construed so that both might stand would be to say that Act No. 259 confers upon chancery courts the power to fix the value of the alimony which the legislature has granted. Prior to the passage of Act No. 259 a decree of divorce rendered on the ground of misconduct or adultery invariably led to another proceeding before the wife could secure the possession of her alimony. This complicated and delayed such proceedings. Another difficulty frequently met with by chancery courts in determining the question of alimony was the ownership of property by the entireties. The court lacking adequate power to deal with these tenures made property adjustments difficult. A consideration of Act No. 259 in connection with the practice prior to its passage leads to the conclusion that this legislation was passed to meet these difficulties and to confer upon chancery courts the power to dispose of the questions of divorce and alimony in one proceeding.

While this court has never had occasion to pass directly on this question its attitude in disposing of alimony questions since the passage of Act No. 259 has been consistent with this construction. Our conclusion is that section 11415 was repealed by implication by the passage of section 1 of Act No. 259, Pub. Acts 1909.

2. But plaintiff argues that if this be the proper view the allowance was inadequate, considering the value of defendant's property. When all the circumstances are considered, the award which was made does not appear to be unfair or inadequate. At the time of marriage defendant was 60 years of age and plaintiff 24. They lived together about four and one-half years. The testimony indicates that plaintiff was industrious and a good housewife, and besides was helpful to defendant in his work as an undertaker, but it does not appear that defendant's fortune was increased to any considerable extent by her efforts during the time they lived together. The valuation placed upon the property by the court was a fair one and we think neither the valuation of the property nor the award of alimony should be disturbed.

The amount paid by defendant, under the order of this court, for plaintiff's weekly allowance and counsel fees will be credited on the decree for permanent alimony. The conclusion reached by the trial court will be affirmed. No costs in this court will be allowed either party.

STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with BIRD, J.

OSTRANDER, C. J. In my opinion the act of 1909 did not repeal section 11415, 3 Comp. Laws 1915. The two statutes must be read together. I agree to the affirmance of the decree.

MOORE, J., concurred with OSTRANDER, C. J.