PROST *v.* PROST.

1. DIVORCE—TEMPORARY ALIMONY—PLEADING—SHOWING—NO SEP-
ARATE PROPERTY.

    Allegations in wife's bill for divorce and petition for alimony that she was "compelled to earn her own living," and that "she is compelled to work every day for the support and maintenance of herself," *held*, while meager, sufficient showing that plaintiff had no separate property, to give the court jurisdiction to make an order for temporary alimony.

2. APPEAL AND ERROR—FINAL ORDER—JUDGMENT—DISMISSAL.

    Motion to dismiss an appeal from an order for temporary alimony will be granted since said order is not final and therefore not appealable.

Authorities passing on the question of right to temporary alimony on annulment of marriage, are collated in notes in 3 L. R. A. (N. S.) 192; 26 L. R. A. (N. S.) 500.

Appeal from Wayne; Hart, J., presiding. Submitted April 24, 1919. (Docket No. 102.) Decided May 29, 1919.

Bill by Emma A. Prost against Edward G. Prost for a divorce. From an order granting plaintiff temporary alimony and a solicitor's fee, defendant appeals: On motion to dismiss. Motion granted.

*Fritz Hailer*, for the motion.

*James H. Pound*, *contra*.

BIRD, C. J. Defendant appeals from an order granting plaintiff temporary alimony of $7 a week and $25 solicitor's fee, pending her suit for separate maintenance. Plaintiff filed a motion to dismiss the appeal because not a final order, and, therefore, not appealable. Defendant's counsel admits such orders are not ordinarily appealable, but he insists that in the instant case the court was without jurisdiction to make any order for temporary alimony because no showing was made by plaintiff that she had no separate property. Counsel bases this contention on the case of *Ross* v. *Ross*, 47 Mich. 185, wherein it is said in part that:

"It is only in cases where it is made to appear, by the bill of complaint or petition, that the wife has no separate property of her own to support herself and enable her to carry on her suit, and her husband has property, that the court will compel him to make a suitable allowance for her maintenance and to enable her to employ counsel."

We have examined plaintiff's bill of complaint and her petition for alimony and the only showing as to her financial necessity and defendant's ability to pay is the following:

"*9th*. Your plaintiff further represents that the defendant is a healthy, able-bodied man, well able to earn large wages, and does earn large wages, to-wit,

about thirty-five ($35) dollars a week and is therefore abundantly able to take care of and support his wife, but that he has refused and neglects to provide for the support and maintenance of your plaintiff, *compelling her to earn her own living.*"

"*2d.* Your petitioner further shows that she is not in the best of health, and *compelled to work every day for the support and maintenance of herself.*"

While this showing is somewhat meager we are inclined to the opinion that it is sufficient to authorize the court to make an order for temporary alimony. The allegations that she was "compelled to earn her own living" and that "she is compelled to work every day for the support and maintenance of herself" show, by inference at least, that she had no separate means. While this is far from being a satisfactory showing we are impressed that it is some showing as to her resources.

Taking this view of it, the motion to dismiss must be granted, with costs to the plaintiff.

OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.