WESTGATE v. WESTGATE.

1. DIVORCE—REVIEW DE NOVO—FINDINGS OF COURT—CREDIBILITY OF WITNESSES.

A divorce case is reviewed *de novo* but especial consideration is given the court's findings, so largely based upon the credibility of the witnesses.

2. SAME—DEFENDANT'S FAILURE TO BE A WITNESS—REVIEW.

In a suit for divorce in which the defendant was not a witness in his own behalf, the reviewing court ought not to reverse the determination of the trial court unless convinced it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

3. SAME—EXTREME AND REPEATED CRUELTY—FINDING OF COURT.

Decree of trial court finding that defendant in suit for divorce was guilty, as alleged in amended bill of complaint, of repeated use of physical violence against plaintiff, that he had intimate

relations with other women, that he used vile language toward plaintiff and referred to her by vile and opprobrious names and that he was guilty of indecencies with his daughter *held*, sustained by testimony.

4. TRIAL—AMENDMENTS—DISCRETION OF COURT.
    Courts have discretion to permit the allowance of amendments.

5. SAME—REOPENING CASE—DISCRETION OF COURT.
    The right to reopen a case and take further proofs is discretionary with the trial judge.

6. DIVORCE—AMENDMENT OF PLEADINGS—DISCRETION OF COURT.
    There is an especial reason for permitting amendments to pleadings in divorce suits as the statute relative thereto provides that such proceedings shall be in chancery and vests a large discretion in the court in all the important considerations affecting custody of children, alimony, and property interests (3 Comp. Laws 1929, § 12728 *et seq.*).

7. SAME—AMENDMENT OF BILL—REOPENING OF PROOFS—DISCRETION OF COURT.
    Court in suit for divorce on ground of extreme and repeated cruelty *held*, not to have abused its discretion in permitting proofs to be reopened, after conclusion of plaintiff's proofs and denial of defendant's motion to dismiss, and permitting bill to be amended sufficiently to render admissible the matter previously objected to as well as to allow further proofs.

8. SAME—APPEAL—IMPROPERLY ADMITTED EVIDENCE.
    On appeal in suit for divorce it must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted.

9. SAME—OBJECTION TO TESTIMONY—REOPENING OF PROOFS—AMENDMENT OF BILL.
    Reception of testimony in suit for divorce on the ground of extreme and repeated cruelty although there were no allegations in plaintiff's original bill of complaint *held*, not error which so affects the merits of the case as to require reversal, under the circumstances, where court reopened proofs and permitted amendments to bill which rendered admissible the testimony previously objected to.

10. SAME—EXTREME CRUELTY—NONSUPPORT—EVIDENCE.
    Testimony that defendant had refused to pay rent and compelled plaintiff to live in a house with no plumbing, cook stove or

other facilities was admissible as bearing on defendant's neglect and cruelty in suit for divorce based upon extreme cruelty and not upon nonsupport.

11. SAME—HEARSAY.

The admission of evidence claimed to have been hearsay would not be prejudicial in trial of a suit for divorce.

12. SAME—DIVISION OF PROPERTY—EQUITY—STATUTES.

Under statutory provisions relative to division of property on divorce of parties owning same, the court has authority to give wife a one-half interest in title to property owned by husband and decree that they be tenants in common of realty thereafter if such course seems to be a just and equitable division to her of his property (3 Comp. Laws 1929, § 12747).

13. SAME—TEMPORARY ALIMONY—FINAL DECREE.

Claimed error in making an award of temporary alimony and thereafter ordering its continuance on entry of final decree *held*, without merit and unsubstantiated by the record; such provision in the decree being proper.

14. SAME—ALIMONY—WIFE'S SEPARATE ESTATE.

Provision of decree of divorce ordering husband to pay the amount of two notes and a chattel mortgage held by wife and which had been given her by him in return for property she had transferred to him *held*, a proper exercise of the power of the court with reference to alimony where the court might, under circumstances involved including fact that defendant made a practice of putting his property in the hands of third parties, reasonably conclude that the property for which the notes were given was in fact jointly owned or that it was husband's property and that the right to such instruments held by plaintiff arose out of the marriage relation; as against contention that court was without jurisdiction to settle the claims of the wife with regard to her separate property.

15. SAME—PLEADING—EVIDENCE—VARIANCE—CHATTEL MORTGAGE.

Fact that chattel mortgage awarded, among other items, to plaintiff in decree of divorce had not been mentioned in her bill of complaint *held*, not fatal to the decree for variance between allegations and proofs.

16. SAME—PLEADING—ADMISSIONS—FAILURE TO DENY ALLEGATIONS.

Contention of husband in divorce suit that, because plaintiff wife failed to deny his allegation that notes wife claimed

to be hers were without consideration, such failure constituted an admission, _held,_ without merit.

17. SAME—SUA SPONTE AMENDMENT OF DECREE—INTEREST—DIVISION OF PROPERTY.

> _Sua sponte_ action of court in amending decree of divorce to include requirement that defendant pay interest on a chattel mortgage not shown by the record to have borne interest _held,_ within its power since court could, as part of adjudication as to property interests, include interest on the chattel mortgage and in his opinion did do so and stated his omission in the decree was due to a mistake.

18. SAME—DIVISION OF PROPERTY—OWNERSHIP OF UNDISCLOSED PROPERTY—PERMANENT ALIMONY.

> Provision in decree of divorce that property interests decreed to wife should be in lieu of dower, provided, however, that such provision should not modify or impair provision for permanent alimony whereby plaintiff was given a half interest in all properties of a certain refining company and a half interest in all properties owned by defendant, the ownership of which remained undisclosed, _held,_ proper where court reserved full jurisdiction of the parties and the subject matter in the suit in order that the decree might be amended or supplemented with respect to and for the purpose of disposition of the fully disclosed property and property rights of the parties in connection with the award therein of permanent alimony to the plaintiff, and defendant neither testified nor made disclosure of any of his property interests.

19. SAME—PURPOSE OF A DECREE.

> The purpose of a decree of divorce is to fix and make certain the property rights and interests of the parties.

20. SAME—SUBSEQUENT ORDERS TO CLARIFY DECREE AS TO PROPERTY.

> In suit for divorce, retention of jurisdiction by trial court to make supplemental orders as to specific property interests owned by defendant at the time of entry of the decree, for purposes of clarity and definiteness, _held,_ proper, where defendant failed to testify at all or make a frank disclosure of his property interests and it had been his practice to conceal his assets by putting his property in the names of third parties and by the use of other devices.

21. SAME—DIVISION OF PROPERTY.

> In suit for divorce between parties who had been married 18 years and had four children, in which defendant filed an

answer but was not a witness in his own behalf, division of property principally upon the basis of the wife's own undisputed testimony whereby defendant received property valued at $8,758 and plaintiff $5,562 in addition to chattel mortgage and notes totalling $2,550 and household goods and furnishings with a half interest in specified real estate to each and a half interest to her in all his property in which he disclosed no ownership *held*, proper.

Wiest, J., dissenting in part.

Appeal from Kent; Fuller (Glenwood C.), J. Submitted June 14, 1939. (Docket No. 93, Calendar No. 40,578.)· Decided November 9, 1939. Rehearing denied December 20, 1939.

Bill by Bertha L. Westgate against Elmore L. Westgate for a divorce on the grounds of extreme and repeated cruelty. Cross bill by defendant against plaintiff for a divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Earl Waring Dunn*, for plaintiff.

*Michael Garvey*, for defendant.

McAllister, J. Plaintiff had been married to defendant for 18 years, and was the mother of four children by him. Although at times the parties lived in poverty, the defendant in later years was successful, accumulated a substantial amount of property, and earned a considerable income. In his business dealings he was greatly assisted by his wife, and her efforts can be said to have contributed largely to his success. On three occasions before the present suit plaintiff had instituted divorce proceedings; later dismissing them, the parties apparently having come to an agreement. ·Plaintiff brought her present bill for divorce against defendant on the ground of extreme and repeated cruelty, and was awarded a de-

cree with provisions of alimony, from which defendant appeals. In an amended bill of complaint filed by plaintiff after certain proofs had been introduced, she alleged that defendant was on repeated occasions guilty of the use of physical violence against her; that he had intimate relations with other women; that he used vile language toward the plaintiff and referred to her by vile and opprobrious names; and that he was guilty of indecencies with his daughter. All of these charges were supported by her testimony. Defendant in his answer alleged that plaintiff herself was guilty of improper relations with another man, that she was guilty of violence toward him, and that she was of a mean, nagging, and suspicious disposition; but he submitted no testimony in support of his charges.

The trial court found that defendant had been guilty of the acts as alleged in the amended bill of complaint. These findings rested upon the testimony in the case; and though a divorce case is reviewed *de novo,* especial consideration is given to the trial court's findings, so largely based upon the credibility of the witnesses. Defendant was not a witness in his own behalf. In such a case, the reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a different conclusion had it occupied the position of the lower court under like circumstances. *Brookhouse* v. *Brookhouse,* 286 Mich. 151; *Stratmann* v. *Stratmann,* 287 Mich. 94. We have made a careful examination of the testimony and record of several hundred pages, and it is our opinion that the finding of the trial court is supported by ample testimony; and we are satisfied the determination that plaintiff is entitled to a divorce should be sustained.

During the trial of the present case, defendant objected to much of the testimony for the reason that

the allegations on which such testimony could be properly admitted were not set forth in the original bill of complaint; and at the conclusion of plaintiff's proofs, defendant moved to dismiss on the ground that there was not sufficient admissible evidence of acts of cruelty thereunder to warrant a decree. The trial court denied the motion, holding that plaintiff had established a *prima facie* case, and later, on motion of counsel for plaintiff, permitted proofs to be reopened and an amended bill filed. Such amended bill was sufficient to render admissible the matter previously objected to, as well as to allow further testimony to be given on the reopening of plaintiff's proofs.

Much of the argument of counsel for defendant on appeal is directed to the alleged error of the trial court in granting plaintiff leave to amend her bill to introduce additional proof thereon, and in permitting alleged prejudicial testimony to be received over objection.

Courts have discretion to permit the allowance of amendments, and the right to reopen a case is discretionary with the trial judge. See *Deyo* v. *Detroit Creamery Co.*, 257 Mich. 77; *Fontana* v. *Ford Motor Co.*, 278 Mich. 199 · *McClung* v. *McClung*, 40 Mich. 493.

There is an especial reason why amendments should be permitted in divorce suits. The statute provides that such proceedings shall be in chancery and in all the important considerations affecting custody of children, alimony and property interests, a large discretion is lodged in the court.* In the instant case, we find no grounds for the contention that the court abused its discretion; and subsequent to the reopening of the case, no claim has apparently

---

* See 3 Comp. Laws 1929, § 12728 *et seq.* (Stat. Ann. § 25.86 *et seq.*).—Reporter.

been made that the allegations of plaintiff's amended bill and the evidence adduced thereunder were insufficient for entry of a decree.

Of the errors alleged, defendant relies to a considerable extent upon the fact that immaterial and prejudicial testimony was introduced over his objection. It must be assumed, without convincing evidence to the contrary, that the court disregarded all evidence improperly admitted. The reception of any such testimony, under the circumstances, is not error which so affects the merits of the case as to be grounds for reversal. See *United Savings Bank of Detroit* v. *School District No. 5,* 280 Mich. 419.

Counsel for defendant claims that the court erred in permitting the introduction of testimony of plaintiff that defendant had refused to pay rent and compelled her to live in a house with no plumbing, cook stove or other facilities. It is asserted that because the suit was based upon extreme cruelty and not upon nonsupport, this evidence was inadmissible. Such circumstances, however, bear upon proof of defendant's neglect and cruelty. *Carson* v. *Carson,* 173 Mich. 452 (43 L. R. A. [N. S.] 255); *Collette* v. *Collette,* 211 Mich. 555. The admission of evidence, claimed to have been hearsay, would not be prejudicial in such a trial.

With regard to the division of property interests, counsel for defendant contends that the court was without power to give plaintiff a one-half interest in the title of property owned by defendant. According to statute, however, the court may decree such a division between the husband and wife of the real and personal estate of the husband as it shall deem to be just and equitable. 3 Comp. Laws 1929, § 12747 (Stat. Ann. § 25.105). It follows that under this statute the court has power to decree that divorced parties be tenants in common in realty if such course

appears to be a just and equitable distribution to the wife of property of the husband's estate.

The claim that the court erred in making an award of temporary alimony, and thereafter ordering the continuance of such award on entry of the final decree, is without merit. The record does not substantiate defendant's contention, and such provision in the decree was proper. *Delor* v. *Wayne Circuit Judge,* 157 Mich. 587, 588.

Plaintiff held two notes and a chattel mortgage given to her by her husband in return for property she had transferred to him. With regard to property in which he had an interest, it was defendant's practice to place it in the name of third parties. The property here in question had apparently been previously placed in plaintiff's name by defendant, and was originally created and obtained by their joint efforts. In its decree, the trial court ordered the husband to pay the amount of the notes and chattel mortgage. Defendant contends that the court was without jurisdiction to settle the claims of the wife with regard to her separate property in a divorce action. However, the trial court could reasonably conclude that the property for which the notes were given was in fact jointly owned, or even that it was the property of the defendant; and that the right to the notes and mortgage held by plaintiff arose out of the marriage relation. Under such circumstances, the decree providing for payment to the wife of such notes and mortgage was a proper exercise of the power of the court with reference to alimony.

The fact that plaintiff did not mention the chattel mortgage in her bill of complaint is not fatal to the decree for variance between allegations and proofs, as defendant contends. The claim of defendant that because he alleged that the promissory notes set forth in plaintiff's bill were without consideration

and plaintiff failed to deny his allegation, such fail-
ure constituted an admission thereof, is without
merit.  See *Dramis* v. *Dunbar,* 280 Mich. 300, 305.

After the hearing of the case, the court in its opin-
ion held that defendant should be required to pay
plaintiff the amount of the mortgage in question with
interest thereon from the date of the instrument.  In
its decree the court omitted the provision for pay-
ment of interest, and later, *sua sponte,* amended the
decree to conform to the opinion, stating that such
omission was due to a mistake.  Such action was
within the power of the court.  *Porter* v. *Michigan
Elevator Exchange,* 279 Mich. 276, 282.  The record
does not show whether the mortgage carried inter-
est, but an affidavit by defendant's counsel, in sup-
port of a motion to set aside the decree, denied such
fact.  Defendant's claim that he has been deprived
of his constitutional rights by virtue of the adjudi-
cation with regard to interest is without foundation.
The court in arriving at a settlement of the property
between the parties could as part of his adjudication
include interest on the mortgage.

The court further ordered that "the interest
* * * decreed to her in the property of the parties
* * * shall be in lieu of dower * * * provided
that the within provision in lieu of * * * dower
* * * shall in no way modify or impair the pro-
vision for permanent alimony * * * made in para-
graph 11."  Paragraph 11 provided that plaintiff
should have a one-half interest in all of the prop-
erties of the Direct Refining Company and a one-
half interest in all properties owned by defendant,
the ownership of which remained undisclosed.  De-
fendant contends that such provisions of alimony
and dower are improper for the reason that the pur-
pose of the statute is a final adjudication of the prop-
erty rights of the parties; and that property inter-

ests herein are left in abeyance by reason of the provisions as to undisclosed property.

The trial court in its decree, however, reserved full jurisdiction of the parties and the subject matter in the suit "in order that this decree may be amended or supplemented with respect to and for the purpose of disposition of the fully disclosed property and property rights of the parties in connection with the award herein with permanent alimony to the plaintiff."

Although defendant filed an answer and cross bill and an amended answer and cross bill, he was not a witness in his own behalf and no witnesses were sworn on his behalf. It appears that just prior to the closing of plaintiff's proofs, defendant absented himself from the hearing and was not thereafter present. There was no disclosure by him of any of his property interests. The trial court was impressed by the fact that defendant did not testify and make a frank disclosure, and the record supports such view.

In regard to defendant's claim that the decree is inconclusive and indefinite, it is true the purpose of a decree of divorce is to fix and make certain the property rights and interests of the parties. The court's adjudication, decreeing plaintiff a one-half interest in the real estate of the defendant, was a proper disposition of such interests as far as the apportioning of the real estate is concerned. But much is left to be desired because of the uncertainty regarding the specific property to which such division is to apply. Without knowing what the real estate in question consists of, it is impossible to establish rights of record in the office of the register of deeds; and, likewise, inevitable that *bona fide* purchasers of such properties would have no notice of the rights of parties therein. Other difficulties in

sale and purchase suggest themselves to the mind. Of course, the defendant, who complains of the decree, is the party to blame for this situation, for it arises only out of his refusal or failure to disclose his interests.

Under these circumstances, we are of the opinion that jurisdiction in this case should be retained by the trial court to supplement the decree by further orders, in accordance with the foregoing, with regard to the specific property interests owned by defendant at the time of entry of the decree, whenever sufficient proof is adduced, and on application by either of the parties with proper notice; and such modification of the decree for purposes of clarity and definiteness is hereby adjudged.

On the trial, plaintiff testified to admissions of defendant made to her as to the extent of his property holdings and the amount of money he possessed. Defendant did not dispute such testimony. Because of his business methods, including a practice of keeping his property in the name of third parties, and operating an oil company either in partnership or in some other relationship in which his interests were concealed, and his failure to disclose the true facts on the trial, it was difficult for the court to ascertain the nature and extent of his interests. Defendant's daughter testified that she had seen $12,000 in money which he was carrying in a satchel; and according to plaintiff's testimony defendant admitted that his interest in the oil business was worth $50,000 and that his income was $6,000 a month. The court decreed to plaintiff certain real estate interests valued at $5,562, and ordered defendant to pay plaintiff $2,000 in satisfaction of a chattel mortgage and two promissory notes totaling $550. By the decree, defendant was awarded property interests at $8,758. In the balance of the property, plain-

tiff and defendant were each decreed a one-half interest in certain real estate used for the purpose of an oil station on Division avenue in Grand Rapids; and plaintiff was further decreed to be an owner of one-half of all property that defendant owned and concerning which he did not disclose his ownership. Plaintiff also received all of the household goods and furnishings in the home. No evidence was introduced by defendant with regard to his income or property interests.

We do not review other considerations with regard to division of property as decreed by the trial court, and in this regard it may be said only the questions heretofore discussed are raised on appeal. The case is unusual in view of the fact that in a record of several hundred pages in which every conceivable objection to plaintiff's right to a decree and alimony was made by counsel for defendant, the defendant never took the stand to deny any of the testimony of plaintiff and made no disclosure, either himself or by testimony of witnesses in his behalf, with regard to his property interests or income. The only conclusion to be drawn from his conduct with relation to the trial is that he preferred to permit plaintiff's testimony to be uncontradicted, rather than submit to cross-examination; and that he chose to risk a decree on plaintiff's proofs with regard to his financial condition, rather than to disclose facts known only by himself.

On a careful examination of the record, we find no error. Decree affirmed, with costs to plaintiff.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred with MCALLISTER, J.

WIEST, J. (*dissenting in part*). I am of the opinion that the decree should be modified by striking

therefrom the provision awarding plaintiff "a one-half interest in any and all other property and rights held and owned by defendant and which remain undisclosed upon this hearing." Such an opening for future litigation was not justified by defendant's failure to take the witness stand. It was for plaintiff to show what property the defendant had and it was the duty of the court to limit an award to disclosed facts.