WESTGATE *v.* WESTGATE.

TIMMER *v.* SANDERSON.

1. PARTNERSHIP—SERVICE OF PROCESS.

Service of process on one partner is sufficient to bind the partnership property.

2. DIVORCE—RECEIVERS—TEMPORARY ORDER FOR POSSESSION OF ASSETS—FILLING STATIONS.

In suit for divorce wherein a receiver of husband's assets had been appointed, order of trial court requiring partnership operating a filling station to recognize receiver's temporary control of the station to the exclusion of the husband and his associates, pending disposition on the merits of the title and property rights, *held,* proper as defendant station operators are yet entitled to their day in court and lease under which they claim to operate was obviously in their favor and was not delivered until after lessees had notice of receivership proceedings.

Appeal from Kent; Hoffius (Cornelius), J. Submitted October 23, 1940. (Docket No. 16, Calendar No. 40,842.) Decided February 7, 1941.

Divorce proceedings between Bertha L. Westgate and Elmore L. Westgate. On petition of plaintiff, Fred G. Timmer was appointed receiver of the Direct Refinery Stations. From order relative to receiver's control and possession of certain assets, defendants Laurance Sanderson and Roy Sanderson appeal. Affirmed.

*Laurence W. Smith,* for receiver.

*Philip J. Glennie,* for defendants Sanderson.

Boyles, J. This case arises out of the receivership pending under the decree of divorce in *Westgate* v. *Westgate,* 291 Mich. 18, and is similar in many respects to *Westgate* v. *Larsen* this day handed down, *ante,* 434. For a complete understanding of the facts and circumstances, see *Westgate* v. *Westgate,* 294 Mich. 88; *Westgate* v. *Drake,* 294 Mich. 116; and *Westgate* v. *Drake,* 294 Mich. 120. A similar situation was considered by us in *Westgate* v. *Adams,* 293 Mich. 559. The controlling question in the instant case is whether defendants Laurance Sanderson and Roy Sanderson have been deprived of their right to a day in court.

On March 15, 1939, the circuit judge entered an order in the pending receivership proceedings joining certain named filling-station operators, among them Laurance Sanderson, as defendants in the cause. The order directed that process be issued and served, proof of service made, and a supplemental petition filed. On March 18th, the supplemental petition was filed as to several defendants, among them Laurance Sanderson. On April 21st, chancery summons was issued naming Laurance Sanderson as defendant, and, on April 27th, Laurance Sanderson entered his appearance in this cause by attorney. On June 13th, the answer of Laurance Sanderson to the supplemental petition was filed. No hearing has been held upon the issues joined therein.

Defendants complain that the filling station referred to is operated by Laurance and Roy Sanderson as partners and raise the question that Roy Sanderson has not been made a party. However, they concede that service on one partner is sufficient to bind the partnership property.

On May 31st, the court issued an order in the receivership directing Roy and Laurance Sanderson, doing business as Sanderson Brothers, to show

cause "why the lease under which they hold and occupy a gasoline station should not be forthwith canceled, or in lieu thereof said persons required to follow the instructions of the receiver and recognize his exclusive control in the operation of such station."

In response thereto, defendants appeared in court personally and by their attorney and a hearing was held. Considerable testimony was taken and at the conclusion of the hearing, on June 14th, the circuit judge made an order directing the defendants to recognize the authority of the receiver in the operation of the station and to carry out the terms of the arrangement which the court found to exist between Westgate and associates and the defendants. This was a temporary order in a receivership matter, the obvious purport of which was to place the receiver in the shoes of Westgate and associates with regard to the filling station operations of the defendants. The court ordered that, on failure of defendants to comply, the receiver be authorized to take possession of the station. The right of the defendants to a hearing on the merits seems to have been protected by the following provision in the order:

"Nothing in this order shall be construed as the final determination of any issues pertaining to title or property claims other than the temporary possessory rights, and the entry and operation of this order is deemed to be imperatively necessary only because of the emergency disclosed by the testimony taken herein and the fact as established by such testimony that only by extending said temporary receivership to this property can the rights and interests of all parties be conserved pending disposition on the merits. All issues pertaining to title or property claims or rights are hereby reserved until hearing on the merits."

Defendants have appealed from this order. One of their claims is, that they hold under a lease instead of under a previous verbal agreement between themselves and Westgate or his associates. This claim was properly discounted by the trial court for the reason that the lease was not delivered to defendants until after they had notice of the appointment of receiver, had conferred with the receiver, and had agreed to continue the *status quo* in operating the station. Subsequently, the lease was delivered to defendants, which lease obviously was entirely in their favor and against the interests of the receivership.

Under the circumstances of this case, the order signed by the court in the receivership matter on June 14th must be considered a temporary order for the purpose of substituting the receiver in place of Westgate and his associates in their dealings with the defendants. For that purpose, it is a proper order which the court had jurisdiction to make. It does not purport to be a final order deciding the merits of the issues raised by the supplemental petition and defendant Laurance Sanderson's answer filed thereto. Defendants still are entitled to their day in court on the merits. We must assume that their rights will be fully considered and protected by the court on such final hearing.

We have examined the other questions raised, including objections to admission of testimony, and find that they are not controlling of the decision.

The order of the circuit court is affirmed, but without prejudice to defendants' right to further proceedings under the supplemental petition and answer. Plaintiff may have costs of this court.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred with BOYLES, J. WIEST, J., concurred in the result.