LEISENRING v. LEISENRING.

1. EQUITY—APPEAL HEARD DE NOVO.
    Chancery cases are heard *de novo* on appeal.

2. DIVORCE—FINDINGS OF TRIAL COURT.
    While divorce cases are reviewed *de novo*, especial consideration is given to the trial court's findings, so largely based upon the credibility of the witnesses; hence the Supreme Court

should not reverse the determination of the trial court unless convinced it must have reached a different conclusion had it occupied the position of the lower court under like circumstances.

3. SAME—EXTREME CRUELTY—EVIDENCE.
   In second suit for divorce on ground of extreme cruelty, testimony *held*, to warrant the granting to wife of decree of divorce and custody of minor child.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted June 4, 1942. (Docket No. 69, Calendar No. 41,633.) Decided July 1, 1942.

Bill by Mary Leisenring against Homer B. Leisenring for a divorce because of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Alexander & Baldwin,* for defendant.

STARR, J. Defendant appeals from a decree entered October 18, 1940, granting plaintiff an absolute divorce, custody of their minor child, and a weekly allowance for the support and maintenance of the child.

These parties were married in October, 1925, and lived together until about May, 1935, when plaintiff, taking their minor child, left defendant and returned to the home of her parents in the city of Hudson. In June, 1935, plaintiff began suit for divorce and custody of the child. Upon hearing in February, 1936, the court dismissed her bill of complaint.

In October, 1936, about eight months after her first suit was dismissed, plaintiff began the present action for divorce and custody of the child. She alleged that defendant, since the beginning of her former suit, was quarrelsome and antagonistic, became angry without provocation, called her a liar

and other vile names, accused her of perjury and of improperly caring for their child. Defendant answered, denying plaintiff's charges of cruelty and right to a divorce. The suit stood at issue, apparently without further proceedings therein, until October, 1940, when plaintiff filed a supplemental bill of complaint. In such supplemental bill she alleged in substance that "during the past four years" defendant had improperly associated with another woman; that he had taken such other woman and the minor, child of the parties to beer gardens and had conducted himself with such woman in a manner "embarrassing and humiliating" to plaintiff. Defendant answered, denying the allegations of the supplemental bill.

The present case was tried in October, 1940, before the same trial judge who heard the first suit between the parties in 1936. A decree was entered, granting plaintiff an absolute divorce, attorney's fees, custody of the minor child and an allowance for the child's support and maintenance. The decree gave defendant the right to have the child at certain stated times.

The only question presented on this appeal is whether or not the evidence, offered by plaintiff, warranted the trial court granting her a divorce.

The parties had not lived together since about May, 1935. Plaintiff has been employed in Hudson and she and the minor child have resided with her parents.

The testimony shows and defendant admits that for several years he has publicly associated with the "other woman" in the case. There is some conflict in the testimony as to other acts of cruelty charged against defendant.

The trial court's findings stated in part:

"The court is fully satisfied that since that trial (in 1936) he (defendant) has on many occasions called her (plaintiff) a liar, that he has at least in- ferentially accused her of perjury, but what im- pressed the court the most is his general attitude.

"I am satisfied there is nothing wrong morally in the conduct and actions of the defendant and * * * (the other woman) * * * but I am as well satisfied that he has purposely brought her to Hudson to hurt, humiliate and embarrass his wife, carrying on a concerted course of meanness. To me it seems that it would have been almost unbear- able."

This being a chancery case we consider the same *de novo.* However, as said in *Westgate* v. *West- gate,* 291 Mich. 18, 23:

"Though a divorce case is reviewed *de novo,* es- pecial consideration is given to the trial court's findings, so largely based upon the credibility of the witnesses. * * * The reviewing court ought not to reverse the determination of the trial court unless convinced that it must have reached a dif- ferent conclusion had it occupied the position of the lower court under like circumstances."

See, also, *Bly* v. *Bly,* 300 Mich. 681; *Chubb* v. *Chubb,* 297 Mich. 501; *Stratmann* v. *Stratmann,* 287 Mich. 94.

We are convinced that the testimony in the pres- ent case warranted the granting of the decree of divorce appealed from. We find no reason for dis- turbing the determination of the trial court.

The decree is affirmed, with costs to plaintiff.

BOYLES, NORTH, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. CHANDLER, C. J., and WIEST, J., did not sit.