## MULVIHILL v. WESTGATE.

1. SPECIFIC PERFORMANCE—LAND CONTRACT—DIVORCE—JURISDICTION.

In purchasers' suit for specific performance of a land contract, executed by vendor husband and wife prior to divorce proceedings in which husband was awarded particular parcel of property involved free from lien in favor of wife, after holding plaintiffs entitled to deed in accordance with the contract, the court had no power to award the amount due thereunder to defendant wife to apply upon amount due her from defendant husband under provisions of divorce decree relative to alimony.

2. DIVORCE—DOWER.

Dower must be adjusted in the decree of divorce and once fixed may not be amended or changed even though the court attempts to retain jurisdiction to do so (3 Comp. Laws 1929, § 12766).

3. SAME—ALIMONY.

An award of alimony may be changed and the remedy for its collection is in the court granting it.

4. SAME—DOWER—ALIMONY.

An award in a divorce decree that defendant husband pay the wife certain designated sums of money, represented by two notes and a chattel mortgage, constituted a proper exercise of the power of the court with reference to alimony only and was not an adjustment of the rights of dower of the wife especially where the same decree also required that certain conveyances between the parties be executed which should be in lieu of dower of the wife in his property notwithstanding it provided she should not be required to execute such conveyances until he had fully complied with conditions imposed upon him by the decree or any amendment or supplement thereto.

5. VENDOR AND PURCHASER—WITHHOLDING PAYMENTS—FORFEITURE
   —SPECIFIC PERFORMANCE.

   Purchasers under land contract, executed by vendor husband
   and wife, were justified in withholding payments due there-
   under in view of possible litigation between vendors which
   culminated in a divorce and much subsequent litigation, hence
   forfeiture of land contract, attempted by defendant husband's
   grantee under a quitclaim deed, executed after husband had
   been awarded particular parcel of property in divorce decree,
   is denied and grantee adjudged entitled to receive money paid
   into court by purchasers, if his deed is recorded, upon execut-
   ing specified warranty deed due purchasers under the land
   contract.

Appeal from Kent; Brown (William B.), J.   Sub-
mitted June 10, 1943.   (Docket No. 60, Calendar No.
42,352.)   Decided September 7, 1943.

Bill by James P. Mulvihill and wife against El-
more L. Westgate, Bertha L. Westgate and Michael
Garvey for specific performance of a contract for
the sale of lands.   Cross bill by defendant Bertha L.
Westgate against other defendants to have money
received from plaintiffs paid to her and credited on
sums decreed to be paid by defendant Elmore L.
Westgate.   Decree for plaintiffs and cross plaintiff.
Defendants Elmore L. Westgate and Michael Gar-
vey appeal.   Reversed as to cross-plaintiff.

*Gerald E. Roach*, for plaintiffs.

*Michael Garvey*, for defendants Elmore L. West-
gate and Michael Garvey.

*Earl Waring Dunn*, for defendant Bertha L.
Westgate.

WIEST, J.   This in a way is an aftermath of the
decree of divorce between Bertha L. Westgate and

Elmore L. Westgate, affirmed by this court in *Westgate* v. *Westgate*, 291 Mich. 18. The bill herein was filed to obtain specific performance of a land contract for certain premises, executed June 11, 1937, to plaintiffs by the Westgates, then husband and wife.

In November, 1938, the Westgates were divorced and the decree affirmed by this court November 9, 1939. Plaintiffs herein paid into court $1,400 of the $1,700 due on the land contract and the issue turned upon whether Mrs. Westgate, if she executed the deed, should be awarded money in part satisfaction of a sum Mr. Westgate was, in the decree for divorce, ordered to pay her and which he has never paid. At the time the land contract was executed Mrs. Westgate had an inchoate right of dower in the premises. The subsequent decree of divorce awarded to Mrs. Westgate as her dower rights several described parcels of real estate and to defendant Westgate the parcel covered by the land contract and other real estate as his sole property. The decree also directed payment by Mr. Westgate to Mrs. Westgate of certain designated sums of money, represented by two notes and a chattel mortgage; directed instruments of conveyance between Mr. and Mrs. Westgate in accordance with the mentioned decree, and the same should be in lieu of dower of Mrs. Westgate in the property of defendant Westgate, but provided that Mrs. Westgate should not be required to execute such instruments of transfer until Mr. Westgate had fully complied with the conditions imposed upon him by the decree or any amendment or supplement thereto. It provided further if the parties, or either of them, failed to make the instruments of transfer within 30 days from and after full compliance with the provisions

of the decree, by defendant, then the decree should operate as a transfer and a copy entitled to record with the force and effect of a transfer of the real estate specified in the decree.

The bill herein was filed by the vendees in the land contract against Elmore L. Westgate and Bertha L. Westgate, and Michael Garvey, to whom defendant Westgate had subsequently conveyed the premises by quitclaim deed, and $1,400 was paid into court. Bertha L. Westgate by cross bill asked that the moneys due on the land contract be decreed to her by reason of failure of Mr. Westgate to pay her the money decreed to her in the decree of divorce. The circuit judge found that Michael Garvey, who was the attorney for Mr. Westgate, acquired no interest in the premises by reason of the quitclaim deed. The court also found that $1,700 was due on the land contract, required plaintiffs to pay the other $300 into court and, upon payment thereof, the money should be paid to Bertha L. Westgate in part satisfaction of the moneys decreed to be paid her by defendant Westgate in the decree of divorce. Defendants Westgate and Garvey appeal and we have considered the case *de novo*.

Under the decree of divorce defendant Westgate was awarded the property in question as sole owner and no lien was attached requiring him to pay Mrs. Westgate the money decreed to be paid to her.

The court had no power to make the decree awarding the amount due on the land contract to Bertha L. Westgate to apply upon the amount due her from Mr. Westgate under the decree of divorce. The court below held plaintiffs entitled to a deed in accordance with the terms of the land contract.

Dower must be adjusted in the decree for divorce. 3 Comp. Laws 1929, § 12766 (Stat. Ann. § 25.131), provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may hereafter own, or in which he may have any interest."

This is mandatory. *Ritzer* v. *Ritzer*, 243 Mich. 406; *Wagner* v. *Wagner*, 237 Mich. 371.

In *McFarlane* v. *McFarlane*, 298 Mich. 595, in the opinion of the court by Mr. Justice Boyles, we pointed out the distinction between an award in lieu of dower and alimony and the remedies thereunder. The decree of divorce in *Westgate* v. *Westgate* awarded Mrs. Westgate designated real estate and also the amount of two notes and a chattel mortgage in lieu of dower. No lien was imposed for payment of the money award and it, as stated in the *McFarlane Case, supra,* constituted a debt. The award of money was not dower. Mrs. Westgate had no right thereto and her cross bill should be dismissed.

Counsel for Mrs. Westgate contend that in affirming the decree of divorce in *Westgate* v. *Westgate, supra,* we affirmed the provision therein relative to the two notes and chattel mortgage which the court required Mr. Westgate to pay. We held the decree requiring Mr. Westgate to pay such notes and mortgage was a proper exercise of the power of the court with reference to *alimony.* In that opinion we also stated, p. 27:

"The court further ordered that 'the interest * * * decreed to her in the property of the parties * * * provided that the within provision in lieu of * * * dower * * * shall in

no way modify or impair the provision for permanent alimony * * * made in paragraph 11.' Paragraph 11 provided that plaintiff should have a one-half interest in all of the properties of the Direct Refining Company and a one-half interest in all properties owned by defendant, the ownership of which remained undisclosed."

As pointed out in the *McFarlane Case, supra,* an award of alimony may be changed and the remedy for its collection is in the court granting it, but an award of dower must be fixed in the decree for divorce and may not be amended or changed even though the court attempts to retain jurisdiction to do so.

Clearly, under our opinion in *Westgate v. Westgate, supra,* and in the *McFarlane Case, supra,* the payment ordered by the court could relate only to alimony and not to adjustment of rights of dower of the wife. In the *McFarlane Case* the distinction is so clearly set forth that a reading thereof will simplify the issues here involved.

Mr. Garvey knew about the land contract and his quitclaim deed from Mr. Westgate, while valid so far as here involved, entitles him, if his deed is recorded, to receive the money paid into court upon executing the specified warranty deed due the vendees under the land contract. Under the proofs the attempted forfeiture of the land contract as claimed by Mr. Garvey is denied. The situation was such, occasioned by possible litigation between Mr. and Mrs. Westgate, which finally culminated in a divorce and much subsequent litigation, that plaintiffs were justified in withholding payments.

The decree in the circuit court is reversed as to cross plaintiff Bertha L. Westgate. A decree in accordance with this opinion will be entered in this

court, with costs to defendants Elmore L. Westgate and Michael Garvey against cross plaintiff Bertha L. Westgate, and plaintiffs-appellees may have costs against defendants-appellants Westgate and Garvey.

Boyles, C. J., and Chandler, North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred.