VAN HOUTEN v. VAN HOUTEN.

1. DIVORCE—DESERTION BY WIFE—EVIDENCE.

Where it appears that parties to suit for divorce had been living with their two sons with the husband's parents and that there was no home life there for the boys, that he contributed less than $100 toward their support during next five-year period when wife took the boys to live with her at her mother's home and that he furnished no support thereafter and made no attempt to provide a separate home when he was steadily employed, the wife was justified in leaving the husband at his parents' home and such departure did not constitute desertion.

2. SAME—NONSUPPORT—EVIDENCE.

Where husband, while steadily employed, failed to provide a separate home for his family or to contribute toward their support, the wife was entitled to a decree of divorce on the ground of nonsupport.

3. SAME—DOWER—STATUTES.

Statute, requiring court to incorporate a provision in decree of divorce in lieu of dower for wife in the property of her husband, repealed by implication the provision of a previously-enacted statute permitting a wife to have dower when divorce was granted for certain reasons and denying it in other cases (3 Comp. Laws 1929, §§ 12746, 12766).

4. SAME—DOWER—ALIMONY—LIENS.
   The provision in lieu of dower which a court must incorporate
   in a decree of divorce may be made without any award of
   alimony and may be fixed as a lien on the husband's real
   estate (3 Comp. Laws 1929, § 12766).

Appeal from Kent; Souter (Dale), J.   Submitted
January 7, 1948.   (Docket No. 24, Calendar No. .
43,719.)  Decided April 5, 1948.

Bill by Adrian Van Houten against Elsie Van
Houten for divorce on grounds of desertion.   Cross
bill by defendant for divorce on grounds of non-
support.   Decree for defendant.   Plaintiff appeals.
Affirmed.

*John J. Smolenski* and *J. Robert Smolenski,* for
plaintiff.

*Verdier & Verdier,* for defendant.

DETHMERS, J.   The marriage of the parties oc-
curred in 1919 to which were born two children, both
grown and self-supporting at commencement of suit.
Plaintiff seeks divorce on the grounds of desertion.
Defendant's cross bill charges nonsupport.   From
decree of divorce for defendant, plaintiff appeals.

The proofs show that in 1932 the parties and their
children were living with and in the home of plain-
tiff's parents in Grand Rapids; that plaintiff was
unemployed and personally making no contribution
to his family's support; that defendant was em-
ployed and furnished support for herself and chil-
dren, supplementing that received from plaintiff's
parents; that defendant lost her job and, finding no
other employment in Grand Rapids, secured work
that year in Detroit where she went to live with her
mother, taking the older son with her and being
joined there later by the younger son; that from

then on defendant supported herself and two sons without aid from plaintiff, except for a sum. of less than $100 which he sent her between 1932 and 1937, and that·thereafter, when times had improved and plaintiff was steadily employed, he furnished no support for defendant and the two sons whatsoever; that plaintiff asked defendant to return to him at the home of his parents but that his mother wrote defendant that they could not return. Defendant testified that plaintiff's parents were very domineering, that there was no home life in their home for the boys, that she could not stand it there any longer, and that plaintiff never offered nor attempted to provide a home of their own for his family. Under such circumstances we think that defendant was justified in leaving plaintiff at his parents' home and going to Detroit and securing employment to support herself and children and that her departure and continuing to reside in Detroit with her mother did not constitute desertion, and that plaintiff's subsequent failure, when he was again employed, to provide a home for his family or to contribute to their support amounted to non-support entitling defendant to a decree of divorce.

Defendant's cross bill prays that she be granted $5,000 to reimburse her for the support of the two sons from 1932 until they became self-supporting, but asks for no alimony, property settlement or provision in lieu of dower. The court decreed that in lieu of dower plaintiff should pay defendant $2,500 for which defendant should have a lien on real estate owned by plaintiff. As to this plaintiff charges error because (1) defendant's cross bill does not ask for a provision in lieu of dower; (2) under 3 Comp. Laws 1929, § 12746 (Stat. Ann. § 25.104), a wife shall be entitled to her dower only when divorce is decreed for the causes therein specified but not in

cases of divorce on the grounds of nonsupport as in the instant case; (3) under 3 Comp. Laws 1929, § 12747 (Stat. Ann. § 25.105), the court may impose a lien on the husband's real estate only to secure payment of alimony or allowance for child support.

Attention is directed to 3 Comp. Laws 1929, § 12766 (Stat. Ann. § 25.131), which reads in part as follows:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband."

(This language remains unchanged in the amendment contained in Act No. 220, Pub. Acts 1939. See Comp. Laws Supp. 1940, § 12766, Stat. Ann. 1947 Cum. Supp. § 25.131.)

In *Spratler* v. *Spratler*, 203 Mich. 498, we held that 3 Comp. Laws 1929, § 12766, repealed 3 Comp. Laws 1929, § 12746, by implication and that under said section 12766, in all cases of divorce, the court is empowered to fix a provision in lieu of dower. The court must, under the latter statute, make provision in lieu of dower in all cases of divorce (*Mulvihill* v. *Westgate*, 306 Mich. 202; *Ritzer* v. *Ritzer*, 243 Mich. 406; *Wagner* v. *Wagner*, 237 Mich. 371) and may make it without any award for alimony. *McFarlane* v. *McFarlane*, 298 Mich. 595. Such provision in lieu of dower may be fixed as a lien on the husband's real estate. *Harner* v. *Harner*, 255 Mich. 515.

The decree of the trial court is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.